**ZENITH RADIO CORP.**

v.

**RADIO CORP. OF AMERICA et al.**

Civ. No. 1247.

United States District Court,
D. Delaware.

May 20, 1954.

See also D.C., 121 F.Supp. 803.

Arthur G. Connolly and Thomas Cooch of Connolly, Cooch & Bove, Wilmington, Del., Joseph S. Wright, Francis W. Crotty and Philip J. Curtis, Chicago, Ill.; Willis H. Taylor, Jr., R. Morton Adams and Thomas F. Reddy, Jr., of Pennie, Edmonds, Morton, Barrows & Taylor, New York City, and Thomas C. McConnell of McConnell, Lutkin & Van Hook, Chicago, Ill., for plaintiff.

Caleb S. Layton of Richards, Layton & Finger, Wilmington, Del., Stephen H. Philbin of Fish, Richardson & Neave, New York City, John W. Nields, (of Cahill, Gordon, Zachry & Reindel), New York City, and Leonard Lyon, Los Angeles, Cal., for defendant Radio Corporation of America.

John J. Morris, Jr. of Morris, James, Hitchens & Williams, Wilmington, Del., Thomas Thacher and Delevan Smith of Simpson, Thacher & Bartlett, New York City, for defendant General Electric Co.

William Prickett, Wilmington, Del., and John E. F. Wood and Henry R. Ashton, New York City, for defendant Western Electric Co., Inc.

LEAHY, Chief Judge.

Claiming sanctuary for some 1600 documents, defendants have refused to produce them for various reasons of privilege, opinion, "work product", and absence of good cause. The withheld documents roughly fall into five categories: (1) those passing between the inventor and patent department employees; (2) those passing between various employees of the same patent department and their related memoranda; (3) those passing between patent department employees and employees of other departments of the same corporation, exclusive of "house counsel"; (4) those passing between patent department employees and non-employees of the corporation, exclusive of "outside counsel"; (5) those passing between patent department employees and either "house counsel" or "outside counsel".

These are the formulae to be followed in determination of the Fed.Rules Civ. Proc. rule 34, 28 U.S.C., motion to produce the withheld documents of all categories. If counsel can not themselves apply these rules to particular papers, I shall arrange for a Special Master to rule on those in dispute. The scope of the Master's authority shall be bounded by what is here written. I do not contemplate any necessity for his having prolonged hearings or being educated in the nature and extent of the patents in suit. Within thirty days after a disputed document is presented to him for decision, the Master will rule upon it. Should any such document not be dispositively governed by these principles, the Master is instructed to refer that exception to me. In the Appendix, infra, I rule on those documents heretofore handed or detailed to me which, though comparatively few in view of the 1600 or so to be ruled upon, shall at least be illustrative.

A factual conflict has arisen as to the nature of the work of defendants' patent department employees. Plaintiff would have it all technical or business and defendants preponderantly legal or under trial attorneys' direction. Although plaintiff's position hovers closer to the realities than defendants', a median characterization more nearly accords with the facts. Essentially, attorneys and employees of defendants' patent departments are engaged in a type of non-legal work to which the attorney-client privilege and "work product" exemption do not attach. In unusual instances, however, they may so deviate from routine work as to qualify. Hereinafter, criteria for non-production are established which resolve the greater part of the conflict, but sufficient elasticity has been provided to encompass the exceptional patent department document. With so many documents written under varying circumstances and times, one blanket ruling on their production would unnecessarily risk inaccuracies of generalization.

Judge Wyzanski's distinguished decision in United States v. United Shoe Machinery Corp., D.C.Mass., 89 F.Supp. 357, has been closely followed as a directly applicable precedent. On it these rulings rest.

### A) Privilege

█ There is a privilege only if:

1. the asserted holder of the privilege is or sought to become a client.

In this connection, the respective clients are RCA, General Electric, and Western Electric—not the inventors, who are employees.

2. the person to whom the communication was made

a) is a member of the bar of a court or his immediate subordinate and

b) is acting as a lawyer in connection with this communication.

"Outside counsel" for corporations almost invariably, and "house counsel" ordinarily, qualify under this requirement. Organizational charts to the contrary, I do not regard patent department attorneys as "house counsel". Bar membership should properly be of the court for the area wherein the services are rendered, but this is not a sine qua non, e. g., visiting counsel, long distance services by correspondence, pro hac vice services, "house counsel" who practice law only for the corporate client and its affiliates and not for the public generally, for which local authorities do not insist on admission to the local bar.

By "immediate subordinate" I mean to include the general office clerks and help, law clerks, junior attorneys, and the like who habitually report to and are under the personal supervision of the attorney through whom the privilege passes. However, a privilege available to the attorney-chief of a department or intermediate chief does not, as such, protect everyone in his department or everyone organizationally under him; his privilege, if any, extends only to his immediate subordinates as indicated.

█ "Acting as a lawyer" encompasses the whole orbit of legal functions. When he acts as an advisor, the attorney must give predominantly legal advice to retain his client's privilege of non-disclosure, not solely, or even largely, business advice. At this stage, attorney-employees of the patent departments of RCA, GE, or WE may or may not qualify in specific instances. They do, for example, when in specific matters they are engaged in applying rules of law to facts known only to themselves and other employees of their client-companies, and in preparing cases for and prosecuting appeals in the Court of Customs and Patent Appeals and other like courts of record. They do not "act as lawyers" when not primarily engaged in legal activities; when largely concerned with technical aspects of a business or engineering character, or competitive considerations in their companies' constant race for patent proficiency, or the scope of public patents, or even the general application of patent law to developments of their companies and competitors; when making initial office preparatory determinations of patentability based on inventor's information, prior art, or legal tests for invention and novelty; when drafting or comparing patent specifications and claims; when preparing the application for letters patent or amendments thereto and prosecuting same in the Patent Office; when handling interference proceedings in the Patent Office concerning patent applications.[1]

Any privilege there may be is not a blanket one. The limitation, "in connection with this communication", frames the special relationship that must be found for each document separately considered.

---

[1] These are not hallmark activities of attorneys. Patent solicitors, agents, and other non-lawyers may practice before the Patent Office. Any citizen although not an attorney may qualify for practice before the Patent Office. Admission for all is by special examination. 35 U.S. C.A.Appendix.

3. the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either an opinion on law, or legal services or assistance in some legal proceeding.

In this case, the corporation is the client. "Strangers" are those not affiliated with the corporation as employees, officers, directors, or "outside counsel". The legal purpose of the communication is to be ascertained in the context of the comments upon a lawyer's activities, supra.

■ Of course, the privilege must be claimed—it is here—and not waived by the client.

### B) Opinion

■ The second ground on which the documents are withheld is the assertion some merely express opinions of inventors, engineers, and patent department employees. Without more, this is an insufficient reason to preclude their disclosure to plaintiff in pretrial discovery. If not otherwise protected from production, these recorded opinions under the circumstances are to be produced for what they are worth as clues to other discoverable and admissible factual evidence—if that be still within the realm of reason after the huge volume of documents discovered to date—as potential impeachment tools; as perhaps explanatory of the inventors' original claims under the patents in suit, or as containing material admissions concerning the validity of defendants' patents, and the like.

### C) "Work Product"

■ Whatever sanctity may halo "work product", I envisage few, if any, documents of the first four categories, supra, as qualifying for this protection. "Work product" encompasses the impressions, observations and opinions recorded by an attorney, as the product of his investigation of a case in his actual preparation for trial on behalf of a client. It has been extended to include the recorded investigative work of a person hired by the attorney in his trial preparation and acting under his supervision and direction. The extension does not automatically immunize the work of entire departments or staffs of corporations whose chiefs are attorneys. Documents originating in defendants' patent departments—except those going to "house counsel" or outside counsel and qualifying under their derivative privileges—are not ordinarily "work product". Seldom, if ever, are patent department employees engaged in actual preparation for a trial of the required type. Remote possibility of litigation such as surrounds nearly every act of the office attorney is an insufficient showing. Preparations for Patent Office proceedings and interferences do not qualify because of the administrative nature of the hearings, the qualifications for admission to practice, and absence of the discovery techniques in the rules of practice. What has been said, supra, of identifying criteria of an attorney functioning as an attorney is equally applicable to "work product" considerations.

### D) "Good Cause"

■ Plaintiff meets F.R. 34's requirement of "good cause" for production when it shows both the relevance of the documents—all pertain to patents in suit—and the information contained in them is, by their nature, within the exclusive knowledge of the defendants. Their contents were withheld on the depositions of the writers and will remain unknown to plaintiff unless produced. There being legitimate discovery ends to be served, production should be made now of those found neither privileged or "work product," and not await trial.

An order appointing the Special Master may be submitted, integrating the rulings made in this memorandum.

Appendix

| Iden. | Type | From | To | Date | Sub. Matter | Ground of Withholding | Ruling | Reason |
|---|---|---|---|---|---|---|---|---|
| GE 400B-19 | Letter | C. S. Root (Inventor, GE Radio & Tel. Eng. Sec.) | C. M. Hutchins (An attorney in GE Pat. Dept.) | 7/15/41 | Opinion of effect of prior patents cited by Examiner upon Root's application for Pat. 2,282,381, being processed by Hutchins on GE's behalf | Privilege and equal availability | To be produced | Non-privileged. No atty-client relationship. Not equally available |
| GE 800B-85 | " | R. K. Bailey, Jr. (Law Clerk in GE Patent Dept.) | P. A. Frank (An attorney in GE Pat. Dept.) | 12/8/48 | Patent approval search of patent office records re Gruen discriminator circuit and opinions of effect of patents found preparatory to Gruen Patent Application | Privilege, work product, and equal availability | " | Non-privileged. No atty-client relationship. Not work product. Analysis not equally available |
| GE 800A-5 | Flyleaf of GE Dkt. 84173 Re Gruen Patent | Penciled notation of C. M. Hutchins (Att'y in GE Pat. Dept.) | — | Undated | Note of two prior art patents possibly affecting Gruen application | Work product, privilege, equal availability | " | Not work product. No privilege. Not equally available |
| GE-800B-18 | Form captioned "Payment of Final Fee", Re Gruen Patent | File memorandum of C. M. Hutchins (Att'y in GE Pat. Dept.) | — | 3/3/52 | Check List for fee payment with Gruen Pat. Application | " | "* | " |
| GE 800B-71 | Letter | B. J. Lawrence (GE Engineer) | C. M. Hutchins (Atty in GE Pat. Dept.) | 5/9/50 | Forwarding of Zenith Tel. Receiver Diagram—Addressee's written note thereon | " | " | " |

*The contrary ruling upon a similar document at the March 1, 1954, hearing (Transcript, p. 33) is reversed since the communication is not privileged under any attorney-client relationship, does not qualify as "work product", is not equally available to plaintiff, and, although an opinion, is properly discoverable.

| Iden. | Type | From | To | Date | Sub. Matter | Ground of Withholding | Ruling | Reason |
|---|---|---|---|---|---|---|---|---|
| GE 800B-58 | Letter | W. J. Gruen (Inventor GE Receiver Division) | C. M. Hutchins (Att'y in GE Pat. Dept.) | 6/13/50 | Reference to Barro Pat. and penciled notes thereon | Work product, privilege, equal availability | To be produced* | Not work product. No privilege. Not equally available |
| GE 800B-38 | " | C. M. Hutchins (Att'y in GE Pat. Dept.) | M. D. Morse (Patent Counsel of GE Electronics Division) | 3/3/52 | Processing of Gruen Pat. App. | " | " | " |
| GE 800B-147 | " | " | Thomas Thacher (Outside counsel of GE) | 6/2/52 | Present suit | " | To be withheld | Attorney-client privilege |
| Z 2800 B 123-124 | " | T. R. Goldsborough (Att'y RCA Pat. Dept.) | H. J. O. Barton (RCA Pat. Agt.) | 11/17/31 | Letter of transmittal of report of engineers of RCA containing opinion re application and foreign filing | Work product, privilege and opinion | To be produced | Non-privileged, not work product, opinion properly discoverable here |
| Z 2800 B 61-62 | Memo | F. M. Harris (Att'y RCA Pat. Dept.) | Pat. Dept. Files | 1/17/36 | Discussion and opinion re Kell application and other applications | " | " | " |
| Z 2800 B 68-69 | Letter | W. H. Martin (Att'y RCA Pat. Dept.) | T. R. Goldsborough (Att'y RCA Pat. Dept.) | 10/8/34 | Discussion and opinion re Kell application and foreign prosecution and request for recommendation | " | " | " |
| Z 2800 B 101 | " | S. B. Smith (Att'y RCA Pat. Dept.) | H. D. Gregory (Att'y RCA Pat. Dept.) | 9/8/32 | Discussion and opinion re Kell application | " | " | " |
| Z 2803 11 | " | F. M. Harris (Att'y RCA Pat. Dept.) | H. G. Grover (Att'y RCA Pat. Dept.) | 8/13/35 | " | " | " | " |

*The contrary ruling upon a similar document at the March 1, 1954, hearing (Transcript, p. 33) is reversed since the communication is not privileged under any attorney-client relationship, does not qualify as "work product", is not equally available to plaintiff, and, although an opinion, is properly discoverable.

| Iden. | Type | From | To | Date | Sub. Matter | Ground of Withholding | Ruling | Reason |
|---|---|---|---|---|---|---|---|---|
| Z 2802 13-14 | Letter | S. B. Smith (Att'y RCA Pat. Dept.) | H. D. Gregory (Att'y RCA Pat. Dept.) | 2/19/32 | Discussion and opinion re Kell application | Work product, privilege and opinion | To be produced | Non-privileged, not work product, opinion properly discoverable here |
| Z 2802 9-12 | Report | H. D. Gregory (Att'y RCA Pat. Dept.) | S. B. Smith (Att'y RCA Pat. Dept.) | 10/16/33 | Discussion and opinion re interviews with examiners concerning Kell application | " | " | " |
| Z 2600 B 104-105 | " | W. A. Tolson (Engineer RCA) | E. W. Engstrom (Engineer RCA) | 1/3/34 | Report re applications including Vance application | Privilege opinion | " | Non-privileged, opinion properly discoverable here |
| Z 1703 C 21-22 | Letter | E. W. Bumstead (RCA Pat. Agt.) | F. J. Harbaugh (RCA Pat. Agt.) | 4/8/38 | Discussion and opinion re other applications and other patents | Work product, privilege and opinion; equal availability | " | Non-privileged, not work product, opinion properly discoverable here; not equally available |
| Z 1000 B 97-98 | " | H. D. Gregory (RCA Pat. Att'y) | W. H. Martin (RCA Pat. Att'y) | 5/31/34 | Refers to Z 1000 B 99 and discusses blocking oscillator | Work product, privilege and opinion | " | Non-privileged, not work product, opinion properly discoverable here |
| Z 1000 S 27 | Drawing | H. D. Gregory (RCA Att'y Pat. Dept.) | RCA Pat. Dept. Files | Undated | Penciled drawing of horizontal and vertical deflection circuit | Work product, privilege and opinion; equal availability | " | Non-privileged, not work product, opinion properly discoverable here, not equally available |
| Z 1300 B 109-111 | Letter | " | H. J. O. Barton (RCA Pat. Agt.) | 1/2/34 | Discussion and opinion concerning Vance application | " | " | " |

| Iden. | Type | From | To | Date | Sub. Matter | Ground of Withholding | Ruling | Reason |
|---|---|---|---|---|---|---|---|---|
| Z 1500 B 15 | Memo | H. D. Gregory (RCA Att'y Pat. Dept.) | Pat. Dept. Files (RCA) | 2/7/35 | Discussion and opinion re claims of Ballard application | Work product, privilege, and opinion | To be produced | Non-privileged, not work product, opinion properly discoverable here |
| Z 2307 B 156-157 | Letter | H. D. Newton (RCA Pat. Agt.) | H. J. O. Barton (RCA Pat. Agt.) | 11/23/33 | Discussion and opinion re Smith applications | Work product, privilege and opinion; equal availability | " | Non-privileged, not work product, opinion properly discoverable here, not equally available |
| Z 2330 93, 94 | " | " | A. S. Greenberg | 11/30/32 | " | Work product, privilege and opinion | " | Non-privileged, not work product, opinion properly discoverable here |
| Z 2347 12 | " | H. D. Newton (RCA Pat. Agt.) | C. W. McClair (RCA Pat. Dept. Att'y) | 7/17/34 | Discussion and opinion re other patents and applications with reference to Smith app. | Work product, privilege, opinion, equal availability | " | Non-privileged, not work product, opinion properly discoverable here, not equally available |
| Z 2600 B 24-26 | " | F. M. Harris (RCA Pat. Dept. Att'y) | H. Shore (RCA Pat. Agt.) | 9/10/37 | Discussion and opinion re other patents | " | " | " |
| Z 2600 B 60 | " | W. H. Martin (RCA Pat. Agt.) | T. R. Goldsborough (Att'y RCA Pat. Dept.) | 11/22/85 | Letter of transmittal with reference to other patent | " | " | " |
| Z 2308 B 31 | " | W. L. Parrott (RCA Pat. Agt.) | C. W. McClair (RCA Att'y Pat. Dept.) | 1/31/33 | Discussion and opinion re other application | Work product, privilege and opinion | " | Non-privileged, not work product, opinion properly discoverable here |

| Iden. | Type | From | To | Date | Sub. Matter | Ground of Withholding | Ruling | Reason |
|---|---|---|---|---|---|---|---|---|
| Z 2327 20, 21 | Letter | F. J. Harbaugh (RCA Pat. Agt.) | J. G. Norton (RCA Pat. Dept. Att'y) | 12/26/33 | Discussion and opinion re Smith application | Work product, privilege and opinion; equal availability | To be produced | Non-privileged, not work product, opinion properly discoverable here, not equally available |
| Z 2300 C 34 | " | C. D. Tuska (RCA Pat. Agt.) | J. G. Norton (RCA Pat. Dept. Att'y) | 4/22/43 | Letter of transmittal of Z 2300 C 35-38 containing discussion and opinion re Smith application | Work product, privilege and opinion | " | Non-privileged, not work product, opinion properly discoverable here |
| Z 2300 C 35-38 | " | F. B. Stone (Engineer RCA) | C. D. Tuska (RCA Pat. Agt.) | 4/14/43 | Discussion and opinion re specifications of Smith application | Work product, privilege and opinion; equal availability | " | Non-privileged, not work product, opinion properly discoverable here, not equally available |
| Z 2308 B 28 | Memo | W. L. Parrott (RCA Pat. Agt.) | RCA Pat. Dept. Files | 4/7/33 | Discussion and opinion re detector oscillator tubes with reference to Smith application | " | " | " |
| Z 1000 B 26 | Drawing | F. M. Harris (RCA Pat. Dept. Atty.) | " | Undated | Penciled drawing of circuits and notations referring to other patent | " | " | " |
| Z 1000 B 99 | Memo | W. A. Tolson (Engineer RCA) | H. D. Gregory (RCA Pat. Dept. Atty.) | 5/29/34 | Discussion and opinion re claims of Tolson application | Work product, privilege and opinion | " | Non-privileged, not work product, opinion properly discoverable here |

| Iden. | Type | From | To | Date | Sub. Matter | Ground of Withholding | Ruling | Reason |
|---|---|---|---|---|---|---|---|---|
| Z 1000 B 164-165 | Memo | T. R. Goldsborough (RCA Pat. Dept. Atty.) | A. F. Murray (RCA Engineer) et al. | Undated | Pat. Attys.' request for engineers' opinion re claims of application notations by engineers | Work product, privilege and opinion | To be produced | Non-privileged, not work product, opinion properly discoverable here |
| Z 2900 C 21 | Letter | M. G. Crosby (RCA Communications) | J. D. Black (Atty. RCA Pat. Dept.) | 7/30/40 | Discussion and opinion re Crosby application | " | " | " |
| Z 2900 C 22 | " | J. D. Black (Atty. RCA Pat. Dept.) | M. G. Crosby (RCA Communications) | 7/24/40 | Letter requesting documents re Crosby application | Work product, privilege | " | Non-privileged, not work product |
| Z 2900 C 104 | " | M. G. Crosby (RCA Communications) | J. D. Black (Atty. RCA Pat. Dept.) | 10/15/34 | Discussion and opinion re Crosby application | Work product, privilege and opinion | " | Non-privileged, not work product, opinion properly discoverable here |
| Z 2900 C 120 | " | " | " | 4/21/32 | " | Work product, privilege, opinion and equal availability | " | Non-privileged, not work product, opinion properly discoverable here, not equally available |
| Z 1300 B 56-58 | " | S. B. Smith (Atty. RCA Pat. Dept.) | A. W. Vance (RCA Engineer) | 12/6/24 | Discussion and opinion re claims of Vance application | Work product, privilege, opinion and equal availability | " | " |
| Z 1302 C 15-18 | " | T. R. Goldsborough (Atty. RCA Pat. Dept.) | S. B. Smith (Atty. RCA Pat. Dept.) | 6/4/35 | " | " | " | " |

| Iden. | Type | From | To | Date | Sub. Matter | Ground of Withholding | Ruling | Reason |
|---|---|---|---|---|---|---|---|---|
| Z 1500 B 61-63 | Memo | S. B. Smith (Atty. RCA Pat. Dept.) | F. M. Harris (Atty. RCA Pat. Dept.) | 12/13/38 | Discussion and opinion re claims of Ballard application | Work product, privilege and opinion | To be produced | Non-privileged, not work product, opinion properly discoverable here |
| Z 1500 B 135 | Letter | H. D. Gregory (Atty. RCA Pat. Dept.) | H. J. O. Barton (RCA Pat. Agt.) | 11/3/32 | " | Work product, privilege, opinion and equal availability | " | Non-privileged, not work product, opinion properly discoverable here, not equally available |
| Z 1500 B 136-137 | " | T. R. Goldsborough (Atty. RCA Pat. Dept.) | A. F. Murray (RCA Engineer) et al. | Undated | Request for opinion re Ballard application | Work product, privilege and opinion | " | Non-privileged, not work product, opinion properly discoverable here |