Simon L. RUSKIN and Physiological Chemicals Company, Inc.,
Plaintiffs,

v.

ELI LILLY AND COMPANY and Chas. Pfizer & Co., Inc., Defendants.

United States District Court
S. D. New York.
April 19, 1955.

Hays, St. John, Abramson & Schulman, New York City (John Schulman, Francis C. Leffler, New York City, of counsel), for plaintiffs.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City (Everett I. Willis, Edward N. Sherry, New York City, of counsel), for defendants.

THOMAS F. MURPHY, District Judge.

Plaintiffs move for discovery of three categories of documents set forth in their notice of motion as:

"1. All correspondence relating to a patent pool with regard to penicillin or procaine penicillin;

"2. The license agreements with regard to penicillin or procaine penicillin, entered into by defendant Lilly with the persons or concerns listed on page 8 of the annexed affidavit;

"3. All correspondence between defendant Lilly and the foreign licensees with regard to penicillin or procaine penicillin; * * *"

It seems clear that correspondence or license agreements relating to penicillin have no relevancy whatsoever in the action since the complaint deals solely with the invention, procaine penicillin. In addition, as defendants state without contradiction, penicillin may be lawfully manufactured by any one and defendants have no license agreements with any one concerning this product.

Insofar as the discovery relates to correspondence with respect to procaine penicillin, either that relating to a patent pool or that between defendant Lilly and its foreign licensees, it appears from all of the evidence submitted on the motion that the patent pool referred to both by the witness A. H. Fisk and by his memorandum dated September 29, 1947, could not relate to procaine penicillin but rather only to the product penicillin. It also appears that such pool was brought about after World War II by the attempt of most of the pharmaceutical houses to agree on an exchange of rights in order that inventions arising out of a concerted program during the war would not be patented by any one member but would be available to all. Moreover, defendants alleged that these agreements never came to fruition, and this does not appear to be contradicted. Uncontradicted also is a statement that the procaine penicillin allegedly invented

by Rhodehamel was not publicly known until October, 1947. The inference is strong then that the pool could not have any relation to this product. Accordingly, plaintiffs have not made sufficient showing of "good cause" to enable them to succeed on such a motion as this.

■ With reference to the license agreements, it appears that both of the parties to this suit are now engaged in actively litigated controversies abroad concerning their respective patents. The information sought appears to be of the sort that plaintiffs might require in such suits and properly should be sought in such suits rather than in this one. In addition, this information sought largely involves trade secrets or other confidential matters.

Accordingly, the plaintiffs' motion is denied.

This is an order. No settlement is necessary.