**COMERCIO E INDUSTRIA CONTINENTAL, S. A., Plaintiff,**

v.

**DRESSER INDUSTRIES, Inc., Hydrocarbon Research, Inc. and Panamerican Hydrocarbon Research, Inc., Defendants.**

United States District Court
S. D. New York.
Nov. 17, 1956.

**514**

David Fisher, New York City, for plaintiff.

Milbank, Tweed, Hope & Hadley, New York City, for defendant Dresser Industries, Inc., William E. Jackson, George H. Bailey, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

The defendant seeks an order pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., directing plaintiff to produce and permit the inspection and copying on behalf of defendant Dresser Industries, Inc. of documents marked Exhibits 88 through 243 inclusive for identification on October 30, 1956. Objection is made by the plaintiff to the production pursuant to Rule 34 on the ground that these documents are privileged because of the attorney-client relationship existing between Albert E. Schwartz and his client the plaintiff. The defendant counters with the contention that the plaintiff was not acting in his capacity as an attorney but was in fact a business agent or representative for the plaintiff and one M. H. Greenman Roth who controls plaintiff, both of whom were residents of Rio de Janeiro, Brazil, during the course of the negotiations.

■ The classic instance where the privilege is available may be set forth as follows:

"(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived." 8 Wigmore, Evidence, § 2292.

Every one of the requirements set forth above must be satisfied before the privilege will extend to a communication. If the legal adviser was not acting "in his capacity as such", but rather in some business capacity, communications pertaining to those business matters are not entitled to be privileged.

■ In every case where discovery is objected to on the grounds of privilege, the court is confronted with a conflict of policies. Discovery is founded upon the policy that trial should not be treated as a sporting event, but as a search for the truth. Therefore, if there is any relevant information which may be of value in this search, it should be unearthed. On the other hand, the attorney-client privilege is based on the theory that although certain confidential communications are relevant, their revelation will impair the social good derived from the proper performance of the functions of lawyers for their clients. Although there are some who believe that the policy of discovery is so important that it should even prevail over that of the attorney-client privilege, the framers of the Federal Rules of Civil Procedure have chosen to maintain the privilege. It is clear, however, that any further extension of it should not be looked upon with favor. The privilege should certainly not be extended to communications between an attorney and his client pertaining to the attorney's negotiations with a third party over terms and details of business transactions. See Radio Corporation of America v. Rauland Corporation, D.C.N.D.Ill.1955, 18 F.R.D. 440.

■ As to the factual question of whether Mr. Schwartz was acting as a

negotiator or solely as a legal adviser, there can be little doubt. When Mr. Schwartz withdrew as plaintiff's attorney of record in the present case, his affidavit sworn to March 6, 1956, stated the following:

> "[T]he agreements and understanding between plaintiff and the defendant, Dresser Industries, Inc., * * * were in large part conducted and negotiated by me and my personal testimony is therefore essential in presentation of plaintiff's case."

While Mr. Schwartz is a reputable lawyer of many years standing, due to the exigencies of the situation—the client being in Brazil and the parties to be negotiated with being in the New York area—he was called upon to perform the proper, practicable and convenient task of acting as the client's alter ego in these business transactions. In this age of high finance and international commercial transactions more and more are lawyers called upon because of their integrity and business acumen to assist clients in their business dealings. Judge Levet previously rejected plaintiff's contention that the attorney-client privilege was applicable to this situation when he denied an application to vacate a notice by the defendant Dresser to examine Mr. Schwartz. D.C.S.D.N.Y.1956, 19 F.R.D. 265. For the reasons stated earlier, I fully concur with Judge Levet's conclusion.

Upon the argument of this motion the more than 150 disputed documents were submitted to me. I have carefully examined each and every one of these documents. Those communications between the attorney and client which I found directly related to the institution of the instant suit, and other matters pertaining to the litigation itself, I have decided need not be turned over. I have also eliminated some documents which I consider to be irrelevant. The plaintiff will, however, be directed to produce and permit the inspection and copying of all

the exhibits Nos. 88 through 243, with the following exceptions:

119– 144– 145– 147– 182– 194– 195– 200– 201– 202– 203– 204– 205– 206– 207– 208– 213– 214– 217– 218– 221– 222– 223– 225– 226– 227– 228– 231– 232– 233– 234– 235– 236– 237– 238– 239– 240– 241– 242 and 243.

It is the fervent hope of this Court that the parties will approach the compliance with this decision in a spirit of co-operation in order that they may avoid further time-consuming applications to the Court, of which there already have been several.

So ordered.