INTERNATIONAL MINERALS AND CHEMICALS CORPORATION, Plaintiff,

v.

GOLDING–KEENE COMPANY, a corporation, and Grant S. Diamond, an individual, Defendants.

Civ. A. No. 7560.

United States District Court. W. D. New York.

Feb. 20, 1958.

Magavern, Magavern, Lowe & Gorman, Buffalo, N. Y. (Samuel D. Magavern, Buffalo, N. Y., of counsel), and Burns, Doane, Benedict & Irons, Harold S. Irons, Harold J. Birch, William W. Beckett, Washington, D. C., of counsel for plaintiff.

Hellings, Ulsh, Morey & Stewart, Buffalo, N. Y. (William I. Morey, Buffalo, N. Y., of counsel), and Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill. (Carlton Hill, Benjamin H. Sherman, Chicago, Ill., of counsel), for defendants.

MORGAN, District Judge.

This is an action for declaratory judgment pursuant to Title 28 U.S.C. section 2201, to determine an actual controversy existing between the parties with respect to the validity and infringement by plaintiff of United States Patent No. 2,765,074 issued on October 2, 1956 to defendant, Grant S. Diamond. The complaint was filed in this court on September 3, 1957; after various motions and stipulations, an answer was filed, which in effect denied information sufficient to form a belief as to whether an actual controversy exists.

Under date of April 17, 1957, B. Edward Shlesinger, an attorney of Rochester, New York, specializing in patent, trademark and copyright law, with an office in Washington, D. C., wrote to the plaintiff; and stated, that, in his opinion, the processes described in a copy of the paper on Application of Electrostatics to Feldspar Beneficiation presented by Messrs. Northcott and LeBaron of the Consolidated Feldspar Division of the plaintiff corporation, at the February meeting of the Mining Engineers in New Orleans, infringes defendant's patent No. 2,765,074. The last described letter contained a copy of the patent and asked that on behalf of the defendant, the plaintiff "immediately cease and desist from this infringement".

While it is settled law that the court does not have to entertain every motion brought for summary judgment, it needs no citation of cases to restate the proposition that where an actual contro-

versy exists, this court has jurisdiction. Title 28, section 1338. I find that the pleadings reveal an actual controversy and jurisdiction is assumed.

■ There have been many motions, too numerous to mention, and not relevant to this issue. Following cross motions by each of the parties, under Rule 34 F.R.C.P., 28 U.S.C., a consent decree was entered, resulting in an order for a production of documents from plaintiff to defendants and another order directing defendants to produce and permit the plaintiff to copy all documents falling within specified categories. No question is presented except 2(b) of plaintiff's requests to defendants, which reads "All documents referring or directly relating to the *prosecution of the application* for Diamond Patent No. 2,765,074 in suit, including specifically, but without limitation thereto, (a) * * *, (b) correspondence between either of the defendants and any patent agent, solicitor or attorney relating to the prosecution of the application which matured into said patent." Defendants provided plaintiff with a list of all the documents believed required for this part of the motion, but declined to furnish plaintiff with copies of such documents, on the ground that the documents are privileged. Defendants filed with this court a set of the documents in question and each of the parties have filed memoranda and asked for the court's ruling, without further argument, on the question of whether or not they are privileged. The plaintiff's memorandum and reply to the defendants regarding plaintiff's motion under Rule 34 for production of documents raises these questions: Plaintiff claims, with respect to the majority of withheld documents, that no attorney client privilege can exist because the communications originated with, or were directed to, B. E. Shlesinger, Jr., who is not a member of the Bar. In this connection, the defendants seriously urge that if there be any doubt that the withheld documents relate only to activities not constituting the practice of law, such doubt must be resolved in favor of plaintiff, unless it also be determined that B. E. Shlesinger, Jr., is engaged in the unauthorized practice of law in the District of Columbia. The latter is no part of this court's province and no interpretation of this decision is intended to convey any such finding.

Plaintiff's rely for the most part on the proposition that the claimants privilege is belated in that it was not raised at the time the consent order of January 6, 1958 above referred to was granted and entered. Secondly, that portions of the opinion in the case of Zenith Radio Corporation v. Radio Corporation of America, D.C., 121 F.Supp. 792, 794 determine that, "Patent solicitors, agents, and other non-lawyers may practice before the Patent Office." Therefore, plaintiff's claim is that B. E. Shlesinger and his son, B. E. Shlesinger, Jr., were not acting as lawyers, but were engaged in inter-office correspondence, and in correspondence with other attorneys, and with the principal defendant corporation and Grant S. Diamond, its president, and principal stockholder and sole owner of patent 2,-765,074. It is true that the Zenith Radio case, supra, does state, in substance, the quote presented by the plaintiff. However, that case also sets forth the three tests offered by Judge Wyzanski in United States v. United Shoe Machinery Corp., D.C.Mass., 89 F.Supp. 357,, which is termed a directly applicable precedent:

### A) Privilege

"(1) There is a privilege only if:

"1. the asserted holder of the privilege is or sought to become a client.
"In this connection, the respective clients are RCA, General Electric, and Western Electric—not the inventors, who are employees.

"2. the person to whom the communication was made

"a) is a member of the bar of a court, or his immediate subordinate; and

"b) is acting as a lawyer in connection with this communication.

" 'Outside counsel' for corporations almost invariably, and 'house counsel' ordinarily, qualify under this require-

ment * * * Bar membership should properly be of the court for the area wherein the services are rendered, but this is not a sine qua non, e. g. visiting counsel, long distance services by correspondence, pro hac vice services, 'house counsel' who practice law only for the corporate client and its affiliates, and not for the public generally, for which local authorities do not insist on admission to the local bar." Chief Judge Leahy, author of this widely quoted opinion says [121 F.Supp. 795], "Documents originating in defendants' patent departments—except those going to 'house counsel' or outside counsel and qualifying under their derivative privileges—are not ordinarily 'work product'." Thus the very situation presented by the questioned documents is completely excepted from the Zenith opinion. As Judge Kaufman says in his carefully considered opinion for the District Court of the Southern District of New York in case 99–195, February 16, 1956; Georgia-Pacific Plywood Company v. United States Plywood Corporation, 18 F.R.D. 463, 465 after citing Connecticut Mutual Life Ins. Co. v. Shields, D.C.S.D.N.Y. 1854, 16 F.R.D. 5, 7 and United States v. United Shoe Machinery Corp., supra, 89 F.Supp. at page 360, and the Zenith Radio Corp. v. Radio Corp. of America, supra; this very significant statement, "Although I recognize some ambiguity can result in extracting out of context a portion of the court's opinion, I believe the court was using nonmembership in the bar as merely one factor in determining whether the work done by the patent department came within the 'acting as a lawyer' requirement. It does not indicate that there should be automatic exclusion from the privilege when the attorney is not licensed in the state." From a careful reading of all of the exhibits submitted, which were withheld by the defendant in answer to 2(b) above, I am persuaded that they do not concern the "application for the patent" and are a series of letters between B. E. Shlesinger above mentioned and his son, who occupied and ran the Washington office and whom this court regards as one "under his immediate supervision"; and Grant S. Diamond, the inventor, and other patent counsel who qualify as attorneys, whether in this state or otherwise; and as "house counsel", within the definition above, and within the reasoning of Judge Kaufman.

Moreover, each of these questioned documents, which defendant has refused, concerns matters occurring *after* the application for the patent upon which the entire order granted by this court on January 6, 1958 is based.

■ The plaintiff contends that the defendant may not raise this issue since any question of relevancy was waived by the consent order entered after the stipulation of the parties following the two cross motions. The wording of the order is troublesome in the light of this argument. The order might well be interpreted as a waiver since the defendant consented thereto.

However, applying the test set forth by Judge Wyzanski in United States v. United Shoe Machinery Corp., supra, I prefer to follow Judge Kaufman's reasoning rather than an excerpt from the Zenith v. Radio Corporation opinion. Moreover, in support of this motion, the plaintiff makes pointed and direct reference to the claim that all of the withheld documents are understood to relate to searches and to matters concerning the *preparation and ex parte prosecution of the application* which matured to Diamond patent No. 2,765,074. Attention is emphasized by reference to the affidavit of H. J. Birch, verified December 28, 1957, that all of the documents requested by plaintiff's supplemental motion have been identified by defendant, Grant S. Diamond, in answer to plaintiff's interrogatories as being relied upon by defendants "to prove conception, first written description, first successful practice and first commercial practice of the alleged invention of the patent in suit." Reference to the interrogatories show that the documents there identified are prior to 1956 and concern the application of February 11, 1955 resulting in the issuance of the patent in suit on October

2, 1956. Despite the claim of unquestioned similarity between these disputed documents and those for which discovery was permitted in the Zenith case, a careful reading will show that in that and similar cases the documents and letters permitted were those that were not "work products"; they contained matters which anyone else with technical training could do as well as a patent attorney. The questioned documents have been read line for line and page for page in their entirety by this court. They concern correspondence between counsel or one under counsel's immediate supervision and the inventor, detail from the inventor of proposed changes, an interchange of professional opinion between the inventor's counsel and other counsel in Chicago and Buffalo, house counsel to and from the inventor between February 9, 1956 and April 25, 1956 and concerning suggested changes and amplifications *which were abandoned* and despite the agreed language set out above in paragraph 2(b) of the order of January 6, 1958 it, and all of the cases relied on by the defendant, refers directly to the *prosecution of the application* therein; and not to suggested legal advice, based upon a proposed amendment which was never effectuated.

It is appropriate for courts to be cautious in permitting discovery which might prove to be oppressive and all avenues ought to be explored in an effort to eliminate or minimize hardships. Service Liquor Dist. v. Calvert Distillers, D. C., 16 F.R.D. 507. Moreover, it is apparent from the pleadings and argument that these parties are attempting to obtain information which, under this decision, is determined to be not relevant and is privileged, for use in a Canadian action pending between the same or affiliate corporation. As was said by Judge Murphy in Ruskin v. Eli Lilli & Co., D.C., 18 F.R.D. 208, 210, such information "should be sought in such suits rather than this one. In addition, this information sought largely involves trade secrets or other confidential matters."

The defendants are entitled to claim the privilege asserted. The plaintiff's motion for the production of the documents required in item 2(b) by the defendants pursuant to Rule 34, is denied.

This is an order. No settlement is necessary.