UNITED STATES of America,
Plaintiff,

v.

BECTON DICKINSON & COMPANY,
Defendant.

Civ. A. No. 567–60.

United States District Court
D. New Jersey.
Dec. 31, 1962.

See also 210 F.Supp. 889; 30 F.R.D. 132.

Charles L. Beckler, Charles H. McEnerney, Jr., Washington, D. C., for Department of Justice, for plaintiff.

Toner, Crowley, Woelper & Vanderbilt, Newark, N. J., H. Allen Lochner, David S. Kane, New York City, by Willard G. Woelper, Newark, N. J., for defendant.

WORTENDYKE, District Judge.

In the course of several pretrial discovery motions in this Government civil antitrust case, the Court is presently called upon to rule upon plaintiff's motion, made pursuant to Rule 34 of the Federal Rules of Civil Procedure, for an order requiring the defendant to produce and permit plaintiff's inspection and copying of 118 specific documents listed in the notice of motion. In his affidavit in support of the motion, the attorney for the Government characterizes the documents, for the production of which the motion is brought, as consisting generally of "writings between an attorney and an officer, director, employee, representative, or other attorney of the defendant corporation." The same affidavit further expresses the belief of movant's attorney "that under the holding of Chief Judge Campbell in Radiant Burners, Inc. v. American Gas Association, D.C., 209 F. Supp. 321, * * * the defendant, Becton Dickinson and Company, a corporation, is not entitled to the attorney-client privilege and that production of the documents designated in the Motion for the Production of Documents will assist in the ascertainment of the facts in issue and will expedite the preparation of this case for trial." Briefs upon the motion have been presented in behalf of each of the parties and the motion was orally argued at length. Plaintiff has annexed to its brief in support of the motion a copy of the "Memorandum and Order" (207 F.Supp. 771) made on August 3, 1962 by Chief Judge Campbell of the United States District Court for the Northern District of Illinois, Eastern Division, in the case referred to. In passing upon the right of the plaintiff in Radiant Burners to a pretrial discovery disclosure of documents from the files of counsel for the defendant corporation, Chief Judge Campbell ruled that the attorney-client privilege asserted by the defendant against submission of the documents to the requested disclosure was unavailable to the defendant by reason of its status as a corporation; and that the documents were not protected against disclosure as the "work product" of counsel.

The briefs and oral arguments of the parties before me relate principally to the contention of the plaintiff that the opinion of Chief Judge Campbell is apposite to and governing the issue presented to me by the present motion.

Despite my high personal esteem for Chief Judge Campbell, and my admiration of his learning and judicial eminence, as well as the thoroughness of his research and the excellence of his reasoning, I must reject the plaintiff's contention that his decision is binding upon this Court on the present motion. The parties before me concede that there is seeming conflict among text writers and members of the judiciary, both English

and American, respecting the reasons and justification for the acceptance or rejection of the doctrine of attorney-client privilege when asserted by or in behalf of a corporate litigant. I have examined the authorities pro and con the contentions made by the respective parties in this case, and have independently concluded that the pending motion should be denied, because the assertion of the attorney-client privilege must be sustained in this case.

The New Jersey Evidence Act of 1960, presently constituting Chapter 84A of Title 2A of the New Jersey Statutes Annotated, which became effective July 1, 1960, legislatively promulgates rules of evidence which not only recognize, but unqualifiedly establish and prescribe the existence and limitations of what is referred to therein as the "Lawyer-Client Privilege". N.J.S.A. 2A:84A-20, which is one of the sections of Article II, entitled "Privileges" provides as follows:

"Rule 26.

"(1) General rule. Subject to Rule 37 and except as otherwise provided by paragraph 2 of this rule communications between lawyer and his client in the course of that relationship and in professional confidence, are privileged, and a client has a privilege (a) to refuse to disclose any such communication, and (b) to prevent his lawyer from disclosing it, and (c) to prevent any other witness from disclosing such communication if it came to the knowledge of such witness (i) in the course of its transmittal between the client and the lawyer, or (ii) in a manner not reasonably to be anticipated, or (iii) as a result of a breach of the lawyer-client relationship, or (iv) in the course of a recognized confidential or privileged communication between the client and such witness. The privilege shall be claimed by the lawyer unless otherwise instructed by the client or his representative; the privilege may be claimed by the client in person, or if incompetent or deceased, by his guardian or personal representative. Where a corporation or association is the client having the privilege and it has been dissolved, the privilege may be claimed by its successors, assigns, or trustees in dissolution.

\* \* \* \* \* \*

"(3) Definitions. As used in this rule (a) 'client' means a person or corporation or other association that, directly or through an authorized representative, consults a lawyer or the lawyer's representative for the purpose of retaining the lawyer or securing legal service or advice from him in his professional capacity; and \* \* \* (b) 'lawyer' means a person authorized, or reasonably believed by the client to be authorized to practice law in any State or nation the law of which recognizes a privilege against disclosure of confidential communications between client and lawyer. A communication made in the course of relationship between lawyer and client shall be presumed to have been made in professional confidence unless knowingly made within the hearing of some person whose presence nullified the privilege."

Rule 37 of the statute, referred to within the foregoing quotation, is embodied in section 2A:84A-29 thereof which deals with waiver of privilege; but the language thereof does not, in my opinion, modify so much of the foregoing quoted language as relates to the claim of privilege presently asserted.

Rule 43(a) of the Federal Rules of Civil Procedure provides in pertinent part, as follows:

"\* \* \* All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule

which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made.
\* \* \* "

By enacting into statutory law Rule (of evidence) 26, New Jersey has announced its policy of recognition of the right of a corporate litigant to claim a lawyer-client privilege. By this enactment the provisions of the rule were made binding upon and applicable in the courts of general jurisdiction of the State of New Jersey, thus extending to the defendant in the case at bar the protection resulting from the availability of that privilege. It would be very strange indeed were this Federal Court to deprive a litigant before it of the protection afforded by the State statute. Since the Legislature in this State has spoken, there is no "statute or rule" authorizing the disregard of the privilege. On the contrary, Rule 34 of the Federal Rules of Civil Procedure, without which the plaintiff would be disentitled to inspection or copying of documents, expressly provides that only documents which are *not* privileged may be subjected to that form of discovery. In sum, the New Jersey Legislature has set at rest any doubt respecting the persistence of the attorney-client privilege, and its availability to a corporate litigant in this State. Since the privilege exists in favor of the defendant corporation under the New Jersey statute, the documents which the plaintiff seeks to examine are protected not only by the provisions of Rule 34, but by those of Rule 43(a) as well. See Stricker v. Morgan, 5 Cir., 1959, 268 F.2d 882, 888; International Minerals & Chemicals Corp. v. Golding-Keene Co., D.C.N.Y.1958, 162 F.Supp. 137; Independent Productions Corp. v. Loew's, Inc., D.C.N.Y.1958, 22 F.R.D. 266; Comercio E. Industria Continental S. A. v. Dresser Industries Inc., D.C.N.Y.1956, 19 F.R.D. 513; Georgia-Pacific Plywood Company v. U. S. Plywood Corp., D.C.N.Y.1956, 18 F.R.D. 463;

Zenith Radio Corp. v. Radio Corporation of America, D.C.Del.1954, 121 F.Supp. 792; United States v. United Shoe Machinery Corp., D.C.Mass.1950, 89 F.Supp. 357.

The motion for leave to inspect and copy those of the documents designated in plaintiff's notice of motion which fall within the lawyer-client privilege is denied, and an order may be presented in conformity with the views herein expressed.