**MALCO MANUFACTURING COMPANY, a Partnership, Malco Manufacturing Company, Inc. and Amphenol Corporation, Plaintiffs,**

v.

**ELCO CORPORATION, Defendant.**

United States District Court
D. Minnesota,
Third Division.
July 17, 1968.

Hume, Clement, Hume & Lee, by Roy E. Hofer, and Richard G. Lione, Chicago, Ill., for plaintiffs.

Paul & Paul, by Henry N. Paul, Jr. and James C. McConnon, Philadelphia, Pa., Donald M. Sandler, Ft. Washington, Pa.; Warren A. Sturm, Minneapolis, Minn.; Charles A. Johnson and Thomas J. Nikolai, St. Paul, Minn., for defendant.

NEVILLE, District Judge.

The above matter, venued in the Eastern District of Pennsylvania, comes before this court on the oral motion of defendant's counsel, brought under Rule 37 and/or under Rule 45(f) of the Federal Rules of Civil Procedure, occasioned by the refusal of a witness to answer certain questions on oral deposition and by the failure of a witness, allegedly without adequate excuse, to obey a subpoena duces tecum.

Notice to take the deposition of one Thomas J. Nikolai, manager of the patent and licensing division of UNIVAC, St. Paul, Minnesota, was duly served by defendant and on June 12, 1968 a subpoena issued out of this court to Dale C. Nathan, Assistant Secretary, UNIVAC Division, St. Paul, Minnesota, requiring the production of the following documents:

"All correspondence, memoranda, documents or writings of UNIVAC relating directly or indirectly to United States patent to Maximoff et al, No. 2,995,617 for a Self-Locking Terminal and/or the policy or practices of UNIVAC with respect to accepting or not accepting orders for connectors, connector plates or self-locking terminals of the type described and claimed in said patent from sources or suppliers other than the owners thereof or persons licensed thereunder."

Dale Nathan duly appeared at a deposition hearing, testified and identified certain documents marked as DDX Exhibits 715 thru 737 comprising correspondence, memoranda and other papers apparently in one way or another relating to the subject matter of the action. See Nathan deposition of June 18, 1968, pp. 4 thru 12. Witness Nathan refused, however, to identify or to make available some 30 other pieces of correspondence and memoranda from UNIVAC's files on the ground that the same represented correspondence between client and attorney and vice versa and thus the same were privileged. See Nathan deposition p. 13 et seq. Nathan several times refused to answer questions concerning these 30 documents and referred the interrogators to Thomas J. Nikolai, a UNIVAC attorney.

Witness Nikolai was called and duly sworn. He identified himself as a member of the bar of the State of Minnesota, serving as a full-time employee of UNIVAC. He stated he did not practice law except for that company and that his specific position or title is manager of the patents and licensing department, St. Paul, Minnesota. He identified the 30 documents by date and persons by whom written and to whom sent or distributed but refused to testify as to the contents of any of them and refused to surrender or to permit inspection of the same. See Nikolai deposition p. 48 et seq. He asserted a privilege, claiming that the same were communications between attorney and client.

Since the action is pending in the Eastern District of Pennsylvania and the deposition was being taken in Minnesota, counsel came before this court for a ruling on the question of whether Nathan and Nikolai, or one or both of them were in contempt of the subpoena or were in contempt for refusal to answer questions in the deposition hearing and should thus be required to identify and testify concerning the 30 documents or otherwise be punished. After argu-

ment in chambers, it was stipulated by all present that the 30 documents in question could be left with the court to be examined in camera.

■ The court has now examined the documents and finds and holds that they were and are privileged and that the witnesses are not required to produce them nor to testify further concerning them.

A quotation from a few of the documents will illustrate their nature. The earliest one is in 1962 directed to "patent and licensing" wherein the writer states "usage * * * should be cleared with patent and licensing * * we will make a study of * * * the claim in the patent." Other quotations from the documents are: "patent and licensing advises that ———— should not be purchased." "You have requested a statement from patent and licensing concerning the procurement * * *." "Attached are copies of three letters involving the litigation * * *." "Could you inform me of the legal difficulties * * * " "I have carefully studied the arguments by both sides and it is my opinion * * * " " * * * the decision does provide certain guidelines which would not infringe * * * " "Our people were also advised that there were no reasons." "I have carefully examined the * * * drawing to determine * * * " "As most of you are aware in September 1966 the Federal District Court in Minneapolis handed down a decision which * * * " The last of the documents is dated as late as April, 1968.

It is obvious to the court from reading the in camera material that the engineering department and the purchasing department did not act in many instances without legal advice of the patent department and from witness Nikolai. The Patent and Licensing department attempted to avoid business decisions, stating in one document concerning a certain contract "This is a business decision, and we cannot participate in it as such." The correspondence for instance reviews and several pieces set forth what is thought to be the effect of a 1966 decision in Federal District Court in the State of Minnesota relating to the Maximoff patent.

■ The weight of authority appears to be that legal advice rendered to a corporation by an attorney in its employ as so-called "house" counsel falls within the rule of attorney-client privilege. See Paper Converting Machine Co. v. FMC Corp., 215 Supp. 249 (E.D.Wis.1963); Georgia-Pacific Plywood Co. v. United States Plywood Corp., 18 F.R.D. 463 (S. D.N.Y.1956); United States v. United Shoe Machinery Corp., 89 F.Supp. 357 (D.Mass.1950). As stated by Judge Wyzanski in the oft-quoted *United Shoe* case, id., at 360:

> " * * * the apparent factual differences between these house counsel and outside counsel are that the former are paid annual salaries, occupy offices in the corporation's buildings, and are employees rather than independent contractors. These are not sufficient differences to distinguish the two types of counsel for purposes of the attorney-client privilege. And this is apparent when attention is paid to the realities of modern corporate law practice. The type of service performed by house counsel is substantially like that performed by many members of the large urban law firms. The distinction is chiefly that the house counsel gives advice to one regular client, the outside counsel to several regular clients."

The court is clear that the correspondence, memoranda and documents are of a privileged nature and that UNIVAC and its personnel should not be and are not required to disclose or to testify further concerning the same.

It is therefore ordered that the motion of defendant to hold witnesses in contempt under Rules 37 and 45(f) of the Federal Rules of Civil Procedure be, and the same hereby is, denied and nei-

ther witness is required to disclose or to answer further concerning the aforesaid 30 documents.

It is further ordered that the 30 documents furnished the court in camera will be returned to Thomas J. Nikolai on his request and the transcripts of the deposition hearings and exhibits will be returned on request to those who furnished the court with the same.