EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Autopistas de Puerto Rico y Cia, S,E, Peticionaria v. Autoridad de Carreteras y Transportación Recurrida | Certiorari 2006 TSPR 41 167 DPR ____ |
| --- | --- |

Número del Caso: CC-2004-534

Fecha: 17 de marzo de 2006

Tribunal de Apelaciones:

Región Judicial de San Juan Panel II

Juez Ponente:.

Hon. Mildred G. Pabón Charneco

Abogada de la Parte Recurrida:

Lcda. María del Pilar García-Incera

Abogados de la Parte Peticionaria:

Lcdo. Lino J. Saldaña
Lcda. Bárbara M. Rivera

Materia: Acción Civil

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Autopistas de Puerto Rico y
Cia, S,E,

          Peticionaria

              v.                         CC-2004-534  CERTIORARI

Autoridad de Carreteras y
Transportación

          Recurrida


SENTENCIA


San Juan, Puerto Rico, a 17 de marzo de 2006.

La Autoridad de Carreteras y Transportación (en adelante la recurrida o la Autoridad) contrató los servicios del bufete Greenberg & Traurig, establecido en Estados Unidos, para que le brindara consejería legal en cuanto a la negociación del contrato de concesión para la construcción de la Ruta PR-66. El abogado encargado de ofrecer el asesoramiento fue el señor Gary M. Epstein, quien está admitido a ejercer la abogacía en el estado de Florida, pero no así en Puerto Rico.

La Autoridad sostuvo negociaciones con Autopistas de Puerto Rico Cia., S.E. (en adelante la peticionaria o Autopistas de Puerto Rico) en

cuanto al mencionado contrato de concesión. En 1997, luego de cuatro años de negociación, Autopistas de Puerto Rico presentó una demanda por daños contra la Autoridad por haber ésta terminado las negociaciones de manera alegadamente unilateral. Como parte del descubrimiento de prueba en este caso, Autopistas de Puerto Rico le solicitó al Tribunal de Primera Instancia que le ordenara a la Autoridad entregar copia de todas las comunicaciones cursadas entre ésta y su asesor legal, el señor Epstein, relacionadas con las negociaciones del contrato de concesión. La Autoridad se opuso a esta solicitud invocando el privilegio de abogado-cliente establecido en la Regla 25 de Evidencia, 32 L.P.R.A. Ap. IV R. 25 (2001). Autopistas de Puerto Rico, por su parte, alegó que el privilegio abogado-cliente no protege las comunicaciones hechas a abogados que no están admitidos a practicar en Puerto Rico. Según su criterio, la aplicación de la norma de interpretación restrictiva en cuanto al alcance de los privilegios, establecida en la Regla 35 de Evidencia, 32 L.P.R.A. Ap. IV R. 35 (2001), lo prohíbe.

El Tribunal de Primera Instancia celebró una vista, luego de la cual ordenó a la Autoridad que presentara todos los documentos alegadamente privilegiados, para examinarlos en cámara. Una vez cumplida la orden, el Tribunal de Primera Instancia determinó que los documentos solicitados estaban cobijados por el privilegio abogado-cliente. Inconforme con esta decisión, la peticionaria acudió al Tribunal de Apelaciones, que confirmó al Tribunal de Primera Instancia. De esta determinación recurre ante nosotros Autopistas de Puerto Rico señalando que el foro apelativo erró al resolver

que el privilegio abogado-cliente protege las comunicaciones en controversia y al permitir que el tribunal de instancia determinara que todos los documentos sometidos estaban protegidos por el privilegio, sin hacer un desglose de las comunicaciones y la razón por la cual éstas eran privilegiadas.

Luego de examinar detenidamente el asunto, este Tribunal ha acordado confirmar el dictamen del Tribunal de Apelaciones y devolver el caso al foro de instancia para que se continúe con los procedimientos.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo de Puerto Rico. La Jueza Asociada señora Fiol Matta emitió una opinión concurrente a la cual se unen el Juez Presidente señor Hernández Denton y la Jueza Asociada señora Rodríguez Rodríguez. El Juez Fuster Berlingeri concurrió con el resultado sin opinión escrita. El Juez Asociado señor Rebollo López emitió una opinión disidente a la cual se une el Juez Asociado señor Rivera Pérez.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Autopistas de Puerto Rico y
Cía, S.E.

      Peticionaria

        v.

Autoridad de Carreteras y        CC-2004-534 Certiorari
Transportación

      Peticionaria


Opinión concurrente emitida por la Jueza Asociada señora Fiol Matta, a la cual se unen el Juez Presidente señor Hernández Denton y la Jueza Asociada señora Rodríguez Rodríguez

En San Juan, Puerto Rico, a 17 de marzo de 2006.

Coincido en que debemos confirmar al Tribunal de Apelaciones en este caso, pero entiendo que no debemos desaprovechar la oportunidad para expresarsnos sobre el alcance del privilegio abogado-cliente en nuestra jurisdicción y resolver si están protegidas las comunicaciones hechas por un cliente a un abogado no admitido a practicar en Puerto Rico, pero sí admitido a la jurisdicción donde tiene su despacho. Por esta razón, formulo la presente opinión concurrente. Entiendo, por las razones que expongo a continuación, que las comunicaciones antes mencionadas están protegidas por el privilegio abogado-cliente establecido en el Regla 25 de Evidencia.

I.

Los hechos pertinentes del presente caso no están en controversia. La Autoridad de Carreteras y Transportación (en adelante la recurrida o la Autoridad) contrató los servicios del bufete Greenberg & Traurig, establecido en Estados Unidos, para que le brindara consejería legal en cuanto a la negociación del contrato de concesión para la construcción de la Ruta PR-66. El abogado encargado de ofrecer el asesoramiento fue el señor Gary M. Epstein, quien está admitido a ejercer la abogacía en el estado de Florida, pero no así en Puerto Rico.

La Autoridad sostuvo negociaciones con Autopistas de Puerto Rico Cia., S.E. (en adelante la peticionaria o Autopistas de Puerto Rico) en cuanto al mencionado contrato de concesión. En 1997, luego de cuatro años de negociación, Autopistas de Puerto Rico presentó una demanda por daños contra la Autoridad por haber ésta terminado las negociaciones de manera alegadamente unilateral. Como parte del descubrimiento de prueba en este caso, Autopistas de Puerto Rico le solicitó al Tribunal de Primera Instancia que le ordenara a la Autoridad entregar copia de todas las comunicaciones cursadas entre ésta y su asesor legal, el Sr. Epstein, relacionadas con las negociaciones del contrato de concesión. La Autoridad se opuso a esta solicitud invocando el privilegio de abogado-cliente establecido en la Regla 25 de Evidencia, 32 L.P.R.A. Ap. IV R. 25 (2001). Autopistas de Puerto Rico, por su parte, alegó que el privilegio abogado-cliente no protege las comunicaciones hechas a abogados que no están admitidos a practicar en Puerto Rico. Según su criterio, la aplicación de la norma de interpretación restrictiva en cuanto al

alcance de los privilegios, establecida en la Regla 35 de Evidencia, 32 L.P.R.A. Ap. IV R. 35 (2001), lo prohíbe.

El Tribunal de Primera Instancia celebró una vista, luego de la cual ordenó a la Autoridad que presentara todos los documentos alegadamente privilegiados, para examinarlos en cámara. Una vez cumplida la orden, el Tribunal de Primera Instancia determinó que los documentos solicitados estaban cobijados por el privilegio abogado-cliente. Inconforme con esta decisión, la peticionaria acudió al Tribunal de Apelaciones, que confirmó al Tribunal de Primera Instancia. De esta determinación recurre ante nosotros Autopistas de Puerto Rico señalando que el foro apelativo erró al resolver que el privilegio abogado-cliente protege las comunicaciones en controversia y al permitir que el tribunal de instancia determinara que todos los documentos sometidos estaban protegidos por el privilegio, sin hacer un desglose de las comunicaciones y la razón por la cual éstas eran privilegiadas.

II.

Para resolver los planteamientos que han hecho ambas partes a lo largo de este pleito debemos evaluar si las comunicaciones entre la Autoridad y su asesor legal, quien no está admitido a ejercer la abogacía en Puerto Rico, son materia privilegiada al amparo de la Regla 25 de Evidencia. En lo referente al privilegio abogado-cliente esta regla establece que:

> (A) Según usadas en esta regla, las siguientes expresiones tendrán el significado que a continuación se indica:
> (1) Abogado.--Persona autorizada o a quien el cliente razonablemente creyó autorizada a ejercer la profesión de abogado; incluye a la persona así autorizada y a sus

asociados, asistentes y empleados de oficina.

(2) Cliente.--Persona natural o jurídica que, directamente o a través de representante autorizado, consulta a un abogado con el propósito de contratarle o de obtener servicios legales o consejo en su capacidad profesional; incluye al incapaz que consulta él mismo a un abogado o cuyo tutor o encargado hace tal gestión con el abogado a nombre del incapaz.

(3) Comunicación confidencial.--Aquella comuni-cación habida entre un abogado y su cliente en relación a alguna gestión profesional, basada en la confianza de que no será divulgada a terceras personas, salvo a aquellas que sea necesario para llevar a efecto los propósitos de la comunicación.

(B) Sujeto a lo dispuesto en esta regla, el cliente, sea o no parte en el pleito o acción, tiene el privilegio de rehusar revelar, y de impedir que otro revele, una comunicación confidencial entre él y su abogado. El privilegio puede ser invocado no sólo por el poseedor del privilegio que es el cliente, sino también por una persona autorizada a invocarlo en beneficio de éste, o por el abogado a quien la comunicación fue hecha si lo invoca a nombre de y para beneficio del cliente.

(C) No existe privilegio bajo esta regla si:

(1) Los servicios del abogado fueron solicitados u obtenidos para permitir o ayudar a cualquier persona a cometer o planear la comisión de un delito, un acto torticero o un fraude.

(2) La comunicación es pertinente a una controversia entre los herederos del cliente ya fallecido, independientemente de que las reclamaciones provengan de un testamento o de sucesión intestada o de transacción entre vivos.

(3) La comunicación es pertinente a una controversia relativa a una violación por el abogado del cliente de un deber que surja de la relación abogado-cliente.

(4) La comunicación es pertinente a una controversia relativa a un documento en que intervino el abogado en calidad de notario.

(5) La comunicación es pertinente a una materia de común interés para dos o más clientes del abogado, en cuyo caso un

cliente no puede invocar el privilegio contra los otros dos.

(D) Cuando dos o más personas se unen como clientes de un mismo abogado en cuanto a un asunto de interés común entre ellas, ninguna de ellas podrá renunciar al privilegio sin el consentimiento de las otras.

A pesar de que la regla es clara y contempla una amplia gama de situaciones, ésta no resuelve de su faz la controversia ante nuestra consideración. Por esta razón es necesario que interpretemos la Regla 25 y establezcamos su alcance. Al así hacerlo, debemos tener presente la norma de interpretación restrictiva del alcance del privilegio abogado-cliente que establecimos en Lugo Ortiz v. Lugo Ortiz, 85 D.P.R. 862(1962). En ese caso señalamos que: "la interpretación de los preceptos que consagran el carácter privilegiado de estas comunicaciones [debe ser restrictiva, y] la prueba debe admitirse a menos que esté claramente comprendida dentro de la exclusión del estatuto". Id., pág. 871. Esta norma de interpretación está consagrada actualmente en nuestra Regla 35 de Evidencia.[1] Su fundamento radica en que no se debe limitar innecesariamente el acceso de los juzgadores a evidencia pertinente. Por eso sólo se debe excluir el contenido de una comunicación si es claro que está dentro de las comunicaciones que la regla de exclusión pretende proteger.

Para poder establecer si las comunicaciones entre la Autoridad y el señor Epstein están protegidas por la política a la que responde el privilegio establecido por la

Regla 25 de Evidencia, debemos entender el propósito de la regla y su trayectoria en nuestra jurisdicción.

---

[1] La Regla 35 de Evidencia establece que: "[l]as Reglas 25 a 32 se interpretarán restrictivamente en relación a

III.

El privilegio abogado-cliente es el más antiguo de los privilegios reconocidos en el *common law*. E. L. Chiesa Aponte, <u>Tratado de Derecho Probatorio</u>, República Dominicana, Publicaciones JTS, Tomo I, § 4.4, pág. 218 (1998). Se encuentra tan arraigado este privilegio en la tradición del Derecho Probatorio anglo-americano, del cual se deriva el nuestro, que las reglas y la doctrina reconocen pocas excepciones a su aplicación en comparación con las reconocidas para otros privilegios. Esto responde, a su vez, a la fuerte política pública a favor del privilegio abogado-cliente.

Las reglas que protegen las comunicaciones entre abogado y cliente tienen por objetivo el fomentar la representación legal efectiva. El reconocimiento del privilegio abogado-cliente pretende promover la relación de confianza que debe existir entre el abogado y su cliente, de modo que la preparación para el juicio y la eventual representación legal sean adecuadas. Al excluir del juicio y del descubrimiento de prueba las comunicaciones que hace el cliente a su abogado se propicia que el cliente haga a su abogado un recuento fiel y exacto de los hechos y de las controversias por las cuales busca consejería legal. Esto desalienta los litigios carentes de méritos y facilita la labor del abogado de brindar una asesoría correcta. Es por esta razón que el poseedor del privilegio es el cliente y no el abogado, contrario a lo que sucede con la doctrina de la labor de representación legal(*work product*). El objetivo del privilegio es que el cliente tenga la confianza de

cualquier determinación sobre la existencia de un privilegio". 32 L.P.R.A. Ap. IV R. 35 (2001).

decirle a su abogado la verdad de los hechos, de forma que se facilite una sana administración de la justicia. Precisamente, por esta aspiración es que el reconocimiento del privilegio se antepone usualmente a la norma que favorece un descubrimiento de prueba amplio. *Véase*, The Attorney-Client Privilege and the Work-Product Doctrine, 2^da ed., EE.UU., American Bar Association, págs. 1-3 (1989); S. Bradford, Conflict of Laws and the Attorney-Client Privilege: A Territorial Solution, 52 U. Ill. L. Rev. 909, 913-15 (1991); Lugo Ortiz v. Lugo Ortiz, *supra*, pág. 871 (citas omitidas).

Por otro lado, una comunicación debe estar protegida por el privilegio abogado-cliente, si además de haberse entablado entre las personas que señala la regla, cumple con los siguientes cuatro requisitos:

1. la comunicación se hace dentro de un marco de expectativa de confidencialidad;

2. la confidencialidad es un elemento esencial en el mantenimiento de la relación entre las partes;

3. la relación es reconocida socialmente como merecedora de ser protegida; y

4. el menoscabo de la relación por el descubrimiento de las comunicaciones sería mayor que el beneficio que representaría su divulgación. J. H. Wigmore, Wigmore on Evidence, Toronto, Little, Brow and Company, Vol. VIII, § 2285, pág. 527 (revisado por J. T. McNaughton, 1961).

En síntesis, si una comunicación entre un abogado y un cliente cumple con estos cuatros criterios, ésta debe estar protegida por el privilegio abogado-cliente, ya que así se promueven los intereses tutelados por la regla de exclusión. No hay duda que las comunicaciones sostenidas entre la recurrida y el señor Epstein cumplen con los cuatro requisitos mencionados. El problema en este caso es

si el señor Epstein está dentro de la acepción de la palabra "abogado" de nuestra regla.

IV.

En lo referente a quien puede ser considerado como abogado para propósitos del privilegio, la Regla 25 establece tres posibilidades: 1. que el abogado esté admitido al ejercicio de la profesión, 2. que se trate de un empleado del abogado, o 3. que sea una persona que el cliente razonablemente cree está autorizada a ejercer la profesión de abogado. La regla no requiere expresamente, como no lo requería la regla anterior,[2] que el abogado esté admitido a ejercer la profesión en nuestra jurisdicción. Tampoco el historial de la regla actual muestra que esa hubiese sido la intención del comité encargado de su

_____

[2] La Ley de Evidencia establecía en su artículo 40 en lo pertinente lo siguiente:

No se podrá examinar a una persona como testigo en los casos siguientes:

...

2. Un abogado no podrá, sin el consentimiento de su cliente, ser examinado con referencia a ninguna comunicación hecha por éste a aquél, ni al consejo que le hubiera dado respecto a la misma en el curso de su gestión profesional; ni podrá un secretario, taquígrafo o escribiente de abogado, ser examinado, sin consentimiento de su principal, con referencia a algún hecho cuyo conocimiento hubiere adquirido como tal empleado; mas este párrafo no será aplicable a una acción entre el abogado y su cliente, en la que se ventilare la existencia, cuantía, validez, y circunstancia de un convenio sobre pago de honorarios; pero ninguna comunicación será privilegiada bajo este párrafo, si se hubiere hecho con el propósito de trasmitirse a cualquiera persona cuyo interés fuese contrario al del cliente, o con el fin de cooperar a un crimen o fraude que a la sazón estuviere en vías de perpetración o meditándose.
...

32 L.P.R.A. § 1734 (1956).

redacción al crearla ni de la Asamblea Legislativa al aprobarla. Los borradores y proyectos que antecedieron a la actual regla recogían la norma de las *Uniform Rules of Evidence*, hoy día establecida en la mayor parte de los estados de Estados Unidos.[3] Esta norma protege no sólo las comunicaciones abogado-cliente cuando efectivamente se trata de un abogado, sino también las comunicaciones que se hacen a personas que el cliente entendió, razonablemente, que eran abogados admitidos a practicar la profesión de la abogacía en la jurisdicción de origen del cliente o en otra jurisdicción.[4]

---

[3] Por ejemplo, California, Florida, Hawaii, Kansas, Louisiana, Nebraska, New Hampshire, New Jersey, New Mexico, Oregon, South Dakota, Texas, Wisconsin, Alabama, Montana, y Oklahoma han adoptado la norma que protege las comunicaciones entabladas entre abogados o personas que el cliente pueda pensar son abogados admitidos a practicar la profesión de la abogacía en la jurisdicción de origen del cliente o en otra jurisdicción.

[4] En la década del 50, estos proyectos supeditaban la aplicación del privilegio a comunicaciones con abogados de otras jurisdicciones a que se reconociera en el lugar de procedencia del abogado un privilegio similar al de abogado-cliente de nuestra jurisdicción. Las reglas disponían en lo pertinente:

...

Abogado significa una persona autorizada, o aquélla a quien el cliente razonablemente creyera que está autorizada, a ejercer su profesión en Puerto Rico o en cualquier estado o nación, donde la ley reconociere un privilegio contra la revelación de comunicaciones confidenciales entre cliente y abogado; e incluye no solamente a la persona así autorizada sino también a sus asociados, sus asistentes y sus empleados de oficina.

...

*Véase* el Borrador del Proyecto de Reglas de Evidencia de 1954, pág. 43; Reglas de Evidencia para el Tribunal General de Justicia adoptas el 13 de enero de 1958 y remitidas el 5 de febrero de 1958 a las Asamblea Legislativa, pág. 26; Reglas de Evidencia para el Tribunal General de Justicia adoptas el 20 de noviembre de 1958 y remitidas el 23 de noviembre de 1959 a las Asamblea Legislativa, pág. 26.

Por su parte, las versiones de la década del 70 no supeditaban a ningún requisito la aplicación del privilegio

Consta en el historial legislativo que las primeras versiones de la Regla 25 no se aprobaron porque la Asamblea Legislativa no tuvo tiempo para estudiar y considerar las reglas de evidencia propuestas.[5] Por otro lado, los comentarios a la Regla 25 preparados por el Secretariado de la Conferencia Judicial, tanto para el Proyecto de Reglas como para la versión aprobada por la Asamblea Legislativa, no indican la razón por la cual no se incorporó en el proyecto final y en la eventual regla la versión que recogía la norma de las *Uniform Rules of Evidence* y que aparecía en el Informe de la Comisión de Reglas de Evidencia de la Conferencia Judicial de Puerto Rico de 1977.[6] Específicamente, no surge de dichos comentarios la intención de excluir las comunicaciones realizadas con abogados no admitidos a nuestra jurisdicción del privilegio abogado-cliente. Por el contrario, se puede colegir del Proyecto presentado en 1978 que el cambio obedeció a la intención de simplificar la redacción finalmente aprobada y adoptar la norma de mayor amplitud. En efecto, cuando se

---

a comunicaciones establecidas con abogados de otras jurisdicciones. La primera regla propuesta en la década del 70 disponía en lo pertinente:

...

Según se usa en este artículo "abogado" significa una persona autorizada, o que el cliente razonablemente crea autorizada, para practicar la abogacía en cualquier estado o nación.

...

Informe de la Comisión Reglas de Evidencia de la Conferencia Judicial de Puerto Rico, págs. 156-57 (1977).

[5] *Véase* Ley núm. 83 de 23 de junio de 1958; Informe Parcial del Comité de Evidencia de la Conferencia Judicial, pág. 2 (1973).

[6] *Véase* Proyecto Reglas de Evidencia, Secretariado de la Conferencia Judicial, págs. 111-13 (1978); Reglas de Evidencia, págs. 44-45 (ed. Secretariado de la Conferencia Judicial, 1979); Comentarios a la Regla 25 de Evidencia, 32 L.P.R.A. Ap. IV R. 25 (2001).

sometió el proyecto final se simplificó la redacción de la regla en su totalidad. Por otra parte, en los comentarios a la Regla 25 preparados por el Secretariado de la Conferencia Judicial, tanto para el Proyecto de Reglas como para la versión aprobada por la Asamblea Legislativa, se incluyeron como disposiciones similares o relacionadas a nuestro privilegio de abogado-cliente, las Reglas Uniformes de Evidencia, la Reglas de Evidencia de California, el Código Modelo de Evidencia y el Proyecto de las Reglas de Evidencia de 1958, todos los cuales reconocen la aplicación de este privilegio a comunicaciones entabladas con abogados no admitidos a la jurisdicción de origen del cliente.[7] Todo lo anterior es indicativo de que la variación en el texto aprobado no tuvo la intención de limitar la norma contenida en los proyectos anteriores. El proyecto de Reglas de Evidencia preparado por la Conferencia Judicial en 1991 tampoco propuso modificación alguna en este sentido.[8]

Al sopesar lo anterior junto con la claridad del inciso C de la Regla 25, que establece las cinco circunstancias específicas en las cuales no aplicará el privilegio, concluimos que la limitación que propone la peticionaria sería ajena al propósito de proteger al cliente, privilegiando la comunicación de éste con su abogado. Abonan a nuestra conclusión el hecho de que el cliente es el poseedor del privilegio y los comentarios a la Regla 25 preparados por el Secretariado de la Conferencia Judicial, que señalan que el propósito de este

---

[7] *Véase* Proyecto Reglas de Evidencia, Secretariado de la Conferencia Judicial, pág. 113 (1978); Reglas de Evidencia, pág. 45 (ed. Secretariado de la Conferencia Judicial, 1979).

[8] *Véase* Proyecto de Reglas de Evidencia, Conferencia Judicial Tribunal Supremo de Puerto Rico, pág. 57 (1991).

inciso es restringir expresamente el privilegio en los casos indicados.[9]

Por otro lado, si acudiéramos al derecho comparado, encontraríamos que en el *common law* el privilegio abogado-cliente aplica aun cuando se trate de una comunicación con alguien que no esté autorizado a ejercer la profesión, a menos que el cliente conozca de esa situación. Se entiende que sería contrario al propósito de la regla imponerle al cliente la obligación de averiguar si su abogado estaba autorizado a ejercer como tal antes de comunicarse con él. Los tribunales de otras jurisdicciones han sostenido la aplicación del privilegio en casos similares a éste, y han preferido penalizar de otro modo el brindar asesoría legal sin estar admitido a la práctica en la jurisdicción. *Véase* Georgia-Pacific Plywood Co. V. U.S. Plywood Co, 18 F.R.D. 463, 465 (1956); Powell v. Western Illinois Elec. Co-op, 180 Ill. App. 3d. 581 (1989); Witkin, California Evidence, Vol. 2, § 101, pág. 354 (4ta ed., 2000). [10]

---

[9] *Véase* Proyecto Reglas de Evidencia, Secretariado de la Conferencia Judicial, pág. 113 (1978); Reglas de Evidencia, pág. 45 (ed. Secretariado de la Conferencia Judicial, 1979); Comentarios a la Regla 25 de Evidencia, 32 L.P.R.A. Ap. IV R. 25 (2001).

[10] Sabemos que para evitar la práctica ilegal de la abogacía, ésta se penaliza como delito. *Véase* 4 L.P.R.A. § 740 (2003). La mayoría de las jurisdicciones de los Estados Unidos han resuelto que no se debe penalizar al cliente por la conducta posiblemente impropia de su abogado al practicar donde no debe. *Véase* C. A. Wright, & K. W. Graham, Federal Practice and Procedure, Minesota, West Publishing Co., Vol. 24, § 5480, pág. 252 (1986); D. W. Louisell, & C. B. Muller, Federal Evidence, The Lawyer Co-operative Publishing Co., Bancrof-Whitney Co, Vol. 2 pág. 521 (1978); 7 Cal. L. Rev. Comm. Reports 1 (1965). Desde el punto de vista de política pública, sancionar a los abogados es una mejor práctica, ya que puede servir como disuasivo para que éstos no practiquen donde no están autorizados, mientras que sancionar a sus clientes sólo debilita la confianza de éstos en la profesión.

Nos parece un contrasentido proteger las comunicaciones entabladas con alguien que el cliente creyó razonablemente que era abogado, pero no lo es, como expresamente dispone la Regla 25, y no proteger las comunicaciones establecidas con quién sí lo es, aunque esté autorizado a ejercer en una jurisdicción distinta a la nuestra. Igualmente, contradeciría el propósito y la razón de ser del privilegio negarle protección a las comunicaciones efectuadas entre la recurrida y su abogado en este caso, por el sólo hecho de que la recurrida realizó la consulta desde Puerto Rico con su abogado radicado en Florida, quien le respondió desde allá, aunque la comunicación se recibió en nuestro país. Si la recurrida se hubiese trasladado al estado de Florida, donde está admitido a la práctica su abogado, no hay duda que las comunicaciones serían privilegiadas.[11] El no reconocer la aplicación del privilegio en este caso atentaría contra la certeza que requieren los clientes de que las comunicaciones establecidas con su abogado o con la persona que creen autorizada para ejercer la abogacía estarán protegidas, y por tanto, atenta contra el privilegio mismo. Más aún, negaría la realidad actual de la comunicación digital y extra-jurisdiccional, y de la globalización económica y cultural.

El mandato de interpretación restrictiva del alcance de los privilegios no significa que éstos deben interpretarse en contraposición a la política pública que los inspira. Concluir que las comunicaciones establecidas

---

[11] La norma en el *common law*, del cual proviene nuestro Derecho Probatorio, protege las comunicaciones en este supuesto. *Véase* J. H. Wigmore, *supra*, Vol. VIII, § 2300, pág. 580.

entre la recurrida y su asesor legal en este caso no están cobijadas por el privilegio abogado-cliente sería ir en contra de la política pública a la que responde esa norma. Es claro que la situación ante nosotros está dentro del grupo de comunicaciones que pretende proteger la política pública de la regla de exclusión del privilegio abogado-cliente. Por tanto, resolvería que las comunicaciones hechas por la recurrida al señor Epstein están protegidas por el privilegio abogado-cliente.

Resolvería además que el Tribunal de Apelaciones no erró al permitir que el Tribunal de Primera Instancia determinara que todos los documentos sometidos estaban protegidos por el privilegio sin desglosar las comunicaciones y sin expresar la razón por la cual cada una era privilegiada. La determinación sobre si una comunicación está protegida por un privilegio le corresponde exclusivamente al juez de instancia, al amparo de la Regla 9(A) de Evidencia, 32 L.P.R.A. Ap. IV R. 9 (2001). El tribunal de instancia examinó cada uno de los documentos para los que la recurrida invocó el privilegio de abogado-cliente antes de resolver que todas las comunicaciones estaban protegidas por el privilegio abogado-cliente. El tribunal no venía obligado a dar a la peticionaria una lista de las comunicaciones con la razones por la cuales éstas eran privilegiadas. Más aún, si lo hubiera hecho se hubiera derrotado el propósito de la regla. El procedimiento seguido por el Tribunal de Primera Instancia fue adecuado para proteger tanto el derecho de la peticionaria a realizar un descubrimiento de prueba apropiado como para salvaguardar la confidencialidad de las comunicaciones privilegiadas. Por otro lado, la

peticionaria no nos ha puesto en condiciones para concluir que el tribunal erró en su apreciación.

V.

Por todo lo anterior, resolvería que las comunicaciones hechas por la recurrida al señor Epstein, abogado admitido a la jurisdicción del estado de Florida, aunque no a nuestra jurisdicción, están protegidas por el privilegio abogado-cliente. Del mismo modo, resolvería que no erró el Tribunal de Apelaciones al permitir que el Tribunal de Primera Instancia determinara que todos los documentos sometidos estaban protegidos por el privilegio sin hacer un desglose de las comunicaciones y la razón por la cual las mismas eran privilegiadas. Confirmaría la determinación del Tribunal de Apelaciones y devolvería el caso al Tribunal de Primera Instancia para que se continúe con los procedimientos.

Liana Fiol Matta
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Autopistas de Puerto Rico
y Cía., S.E.

    Peticionario

        vs.                            CC-2004-534

CERTIORARI

Autoridad de Carreteras y
Transportación

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ A LA CUAL SE UNE EL JUEZ ASOCIADO SEÑOR RIVERA PÉREZ

San Juan, Puerto Rico, a 17 de marzo de 2006

No podemos suscribir y endosar con nuestro voto la posición que sostiene la Mayoría en el presente caso. Ello, en primer lugar, por entender que la misma contradice claramente el mandato de interpretación restrictiva de los privilegios contenidos en las Reglas de Evidencia, al extender el alcance de los mismos a unas comunicaciones hechas por un cliente a un abogado no admitido a ejercer la profesión legal en Puerto Rico. Dicha interpretación, como veremos, no está contemplada por nuestras Reglas de Evidencia.

Por otro lado, la interpretación laxa que se hace en la Opinión concurrente --al extender el

privilegio en controversia-- tiene consecuencias no previstas por la Mayoría, las cuales resultan perjudiciales para el abogado puertorriqueño. Basta con decir que la protección que brinda la aplicación del privilegio en esta situación fomenta el que cualquier abogado, proveniente de cualquier país o jurisdicción, podrá ser contratado para brindar asesoría legal en Puerto Rico sobre cualquier materia del Derecho. Esta persona, indirectamente, estará practicando la profesión de abogado en nuestro País sin haber sido admitido como tal por este Tribunal.

Esta lamentable situación constituye un serio atentado contra el abogado puertorriqueño, el cual posee, cuando menos, iguales destrezas y conocimiento respecto al Derecho que debe ser aplicado en nuestra jurisdicción. La actuación mayoritaria menosprecia a quienes, día a día, dignamente batallan por ganarse la vida ejerciendo noblemente la profesión de abogado en esta bendita tierra nuestra.

I

Los hechos del presente caso, en apretada síntesis, son los siguientes: Autopistas de Puerto Rico Cia., S.E., en adelante Autopistas, fue seleccionada por la Autoridad de Carreteras y Transportación, en adelante la Autoridad, para la construcción de la Ruta PR-66. Ambas entidades comenzaron las negociaciones pertinentes en cuanto al contrato de concesión de la mencionada Ruta PR-66 entre los años 1991 y 1992. Durante el curso de las mismas, la Autoridad contrató los servicios del bufete Greenberg &

Taurig del estado de la Florida, recibiendo asesoría de uno de sus abogados, el señor Gary M. Epstein, quien es abogado admitido a ejercer la abogacía en el estado de Florida. Epstein no está admitido a ejercer la abogacía en Puerto Rico.

Así las cosas, en el 1997, Autopistas presentó una demanda en daños y perjuicios ante el Tribunal de Primera Instancia, Sala Superior de San Juan, contra la Autoridad. En la referida demanda alegó, en síntesis, que la Autoridad había terminado las negociaciones de forma unilateral, de mala fe, y de forma arbitraria y caprichosa. Durante la etapa de descubrimiento de prueba, Autopistas solicitó que la Autoridad le entregase todas las comunicaciones habidas entre ésta y el Sr. Gary M. Epstein; relativas las mismas a las negociaciones entre la Auotridad y Autopistas sobre el contrato de concesión para la construcción y operación de la Ruta PR 66 y la terminación de las mismas en 1997.

La Autoridad reclamó el privilegio abogado-cliente en cuanto a dichas comunicaciones y alegó que las mismas se llevaron a cabo en el contexto de una consulta legal y con la confianza de que las mismas no serían divulgadas. Celebrada una vista, el foro primario ordenó a la Autoridad a presentar todos los documentos sobre los cuales reclamó el privilegio para examinarlos en cámara. Examinados los mismos, el referido foro determinó que estaban cobijados por el privilegio abogado-cliente. De la anterior determinación, Autopistas acudió en revisión al Tribunal de

Apelaciones. El foro apelativo intermedio <u>confirmó</u> la decisión del tribunal de instancia.

Inconforme, Autopistas acudió, mediante recurso de *certiorari* ante este Tribunal. Alega, en síntesis, que el foro apelativo intermedio incidió: al resolver que el privilegio abogado-cliente aplicaba a las comunicaciones de índole legal entre la Autoridad y Gary M. Epstein, en vista que éste no estaba autorizado a ejercer la profesión de abogado en Puerto Rico y la Autoridad tenía conocimiento de ello; y, al interpretar la Regla 25 de Evidencia de forma favorable a la existencia del privilegio, y no en forma restrictiva, según establece la Regla 35 de Evidencia.

II

Luego de un recuento de la trayectoria del privilegio abogado-cliente, la Opinión concurrente emitida fundamenta su <u>errónea</u> conclusión expresando que "el mandato de interpretación restrictiva del alcance de los privilegios no significa que éstos deben interpretarse en contraposición a la política pública que los inspira. Concluir que las comunicaciones establecidas entre la recurrida y su asesor legal en este caso no están cobijadas por el privilegio abogado-cliente sería ir en contra de la política pública a la que responde esa norma".

Nada más lejos de la realidad jurídica. Veamos.

III

Los privilegios reconocidos en nuestro derecho probatorio <u>operan como reglas de exclusión de evidencia</u>. Como tales, su fundamento... "es totalmente independiente, y de ordinario antagónico, de la búsqueda y consecución de la verdad, propósito cardinal del derecho probatorio. Se excluye materia privilegiada por consideraciones de política pública, para adelantar valores o intereses sociales ajenos o antagónicos a la búsqueda de la verdad, tan fundamental para la más justa adjudicación de las controversias judiciales". <u>Ortiz García</u> v. <u>Meléndez Lugo</u>, res. el 3 de marzo de 2005, 2005 T.S.P.R. 19, citando a Ernesto L. Chiesa, Tratado de Derecho Probatorio, Tomo I, (1998), pág. 185. Por esta razón, expresa el profesor Chiesa, es que "los privilegios deben surgir de la ley, bien de la Constitución, de reglas de evidencia o de leyes especiales". *Op.cit.*, pág. 188.

Sobre los privilegios, expresamos en <u>Pueblo</u> v. <u>Jesús Delgado</u>, res. el 20 de diciembre de 2001, 2001 T.S.P.R. 176, que todo proceso judicial tiene el fin esencial de descubrir la verdad de lo acontecido, razón por la cual no debe exceptuarse o excluirse la debida exposición de los hechos pertinentes, salvo que exista un <u>interés superior o de mayor jerarquía</u> para la sociedad o para la persona que se interpongan a ese fin. Por ello, el legislador concibió y codificó los privilegios como una <u>excepción</u>, una regla de exclusión de evidencia, ya que éstos --aunque ciertamente obstaculizan, en algunas circunstancias, el esclarecimiento

de la totalidad del cuadro fáctico-- protegen otro fin de mayor trascendencia. Dicho de otro modo, los privilegios, por su naturaleza y función, impiden el descubrimiento de ciertos actos, hechos o comunicaciones por existir intereses en conflicto que intervienen con esa búsqueda exhaustiva de la verdad. *Ibid*.

En consideración a lo anterior, y conforme a la Regla 35 de Evidencia, 32 L.P.R.A. Ap. IV, R.35[12], este Tribunal reiteradamente ha expresado que los privilegios deben interpretarse de forma restrictiva. Véase: Pueblo v. Jesús Delgado, ante. Dicha interpretación restrictiva tiene el obvio propósito de fomentar el descubrimiento de la verdad en todo procedimiento judicial. No hay duda de que la tendencia moderna en el ámbito del procedimiento civil es a facilitar el descubrimiento de prueba de forma tal que se coloque al juzgador en la mejor posición posible para resolver justamente. E.L.A. v. Casta Developers, S.E., res. el 25 de mayo de 2004, 2004 T.S.P.R. 81; Ward v. Tribunal Superior, 101 D.P.R. 865, 867 (1974). A esos efectos, hemos expresado que un amplio y adecuado descubrimiento de prueba antes del juicio facilita la tramitación de los pleitos y evita los inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista

---

[12] La referida Regla dispone que las Reglas 25 a 32 se interpretarán restrictivamente en relación a cualquier determinación sobre la existencia de un privilegio.

las cuestiones y los hechos que en realidad son objeto del litigio.[13]

Debido a ello, existen únicamente dos limitaciones fundamentales al descubrimiento: (1) no puede descubrirse materia privilegiada, según los privilegios que se reconocen en las Reglas de Evidencia, y (2) la materia a descubrirse tiene que ser pertinente al asunto en controversia. Regla 23.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Vincenti v. Saldaña, res. el 16 de mayo de 2002, 2002 T.S.P.R. 81.

IV

Sabido es que será materia privilegiada aquellas comunicaciones hechas entre el cliente y su abogado referente al asunto objeto de la representación legal, hechas con la confianza que las mismas no serán divulgadas, es decir, hechas dentro del marco de la confidencialidad.

A esos efectos, dispone la Regla 25(B) de Evidencia, 32 L.P.R.A. Ap. IV, R.25(B), que el cliente tiene el privilegio de rehusar revelar, y de impedir que otro revele, una comunicación confidencial entre él y su abogado.

Ciertamente, como se expone en la Opinión concurrente, el privilegio abogado-cliente es el más antiguo de los privilegios reconocidos en el common law. A esos efectos,

---

[13] Citando a Medina Morales v. Merk, Sharp & Dhome, 135 D.P.R. 716 (1994); y a Sierra v. Tribunal Superior, 81 D.P.R. 554, 560 (1959).

el Tribunal Supremo de los Estados Unidos expresó en <u>Upjohn</u> <u>Co.</u> v. <u>U.S.</u>, 449 U.S. 383 (1981) que:

> the attorney-client privilege is the oldest of the privileges for confidential communications known to the common law.[14] Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client. *Ibid*.

Por otro lado, el privilegio abogado-cliente está dirigido a permitir que el abogado obtenga toda la información necesaria para una adecuada representación. A esos efectos, expresamos en <u>Lugo Ortiz</u> v. <u>Lugo Ortiz</u>, 85 D.P.R. 862 (1962), que los estatutos que protegen las comunicaciones privilegiadas entre abogado y cliente tienen por objeto fundamental fomentar la relación de confianza entre ambos, propiciándose así que el cliente haga un recuento fiel y exacto de los hechos cuando requiere consejo legal. Indicamos, además, que una relación abogado-cliente completa ayuda a desalentar los litigios carentes de méritos y estériles en cuanto a sus resultados y que, frente a la política pública de evitar pleitos innecesarios, se encontraba la necesidad de que ante el juzgador se presenten <u>todos los hechos pertinentes que conduzcan a ayudarle a formar un juicio ponderando todos los elementos de prueba disponible</u>. En atención a ello,

---

[14] Citando a 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961).

expresamos que la interpretación de los preceptos que consagran el carácter privilegiado de estas comunicaciones es **restrictiva**, y que la prueba debe admitirse a menos que esté **claramente** comprendida dentro de la exclusión del estatuto.[15] *Ibid.*

Debido a lo anteriormente expresado, para que se pueda reconocer el carácter privilegiado de estas comunicaciones, debe estar claro que las mismas están excluidas por la regla. La pregunta es, en consecuencia: ¿están claramente comprendidas, dentro de la Regla 25, ante --para efectos del reconocimiento del privilegio-- las comunicaciones hechas entre un cliente y un abogado no admitido a ejercer la profesión en Puerto Rico? Contestamos en la negativa; veamos por qué.

Para efectos de la Regla 25 de Evidencia, ante, abogado es aquella persona autorizada o a quien el cliente razonablemente creyó autorizada a ejercer la profesión de abogado; incluye a la persona así autorizada y a sus asociados, asistentes y empleados de oficina.

Por otro lado, la referida Regla define cliente como aquella persona natural o jurídica que, directamente o a través de representante autorizado, consulta a un abogado con el propósito de contratarle o de obtener servicios legales o consejo en su capacidad profesional; incluye al incapaz que consulta él mismo a un abogado o cuyo tutor o

---

[15] Citando a <u>People</u> v. <u>Donovan</u>, 369 P.2d 1 (Cal. 1962); <u>Greyhound Corporation</u> v. <u>Superior Court</u>, 364 P.2d 266 (Cal. 1961); *In re* <u>Richardson</u>, 157 A.2d 695 (N.J. 1960).

encargado hace tal gestión con el abogado a nombre del incapaz.

Ciertamente, en cuanto a quién puede ser considerado "abogado" para propósitos del privilegio, la Regla 25, ante, establece las siguientes tres posibilidades: (1) el abogado admitido al ejercicio de la profesión; (2) sus asociados, asistentes o empleados; y (3) la persona que el cliente razonablemente crea que está autorizada a ejercer la profesión de abogado, aun cuando no lo esté.

Vemos, pues, que la Regla 25, ante, no indica de forma específica si el privilegio abogado-cliente cobija a abogados admitidos a jurisdicciones fuera de Puerto Rico.

Como bien se señala en la Opinión concurrente[16], los proyectos de reglas de evidencia de los años 50, los cuales no fueron aprobados por la Asamblea Legislativa, proponían una regla que específicamente extendía el privilegio a abogados admitidos a otras jurisdicciones. Los mencionados proyectos disponían que:

> "Abogado" significa una persona autorizada, o aquélla a quien el cliente razonablemente creyere que está autorizada, a ejercer la profesión en Puerto Rico o en cualquier estado o nación, donde la ley reconociere un privilegio contra la revelación de comunicaciones confidenciales entre cliente y abogado, e incluye no solamente a la persona así autorizada sino también a sus asociados, sus asistentes y sus empleados de oficina.[17] (Énfasis nuestro).

---

[16] Véase nota al calce número 4.

[17] Véase, Proyecto de Reglas, Comité Consultivo sobre las Reglas de Evidencia del Tribunal Supremo de Puerto Rico, 1954.

Se desprende de la Regla propuesta una definición abarcadora de quién se considera abogado para fines de la extensión del privilegio. Ello no obstante, el proyecto de Reglas finalmente aprobado por la Asamblea Legislativa limitó esta definición y eliminó aquella parte que extendía el privilegio a abogados admitidos en cualquier estado o nación donde la ley reconociere el privilegio.[18]

No se trata entonces, como se expresa en la Opinión concurrente, que "el cambio se debió a la intención de simplificar la redacción finalmente aprobada…". Dicho razonamiento no tiene lógica alguna. ¿Por qué eliminar una definición que, sin margen a dudas, reconocía el privilegio aun cuando se trataba de abogados admitidos fuera de Puerto Rico, y sustituirla por una que no los incluye expresamente?

La contestación a esta interrogante es sencilla: la intención del legislador fue excluir del privilegio a todo abogado no admitido a ejercer la profesión en Puerto Rico.

La mejor evidencia de lo anteriormente expresado es que las disposiciones probatorias que sirvieron de modelo para la redacción de la regla, como las Reglas Uniforme de Evidencia y las Reglas de Evidencia de California, sí tienen una amplia definición de abogado para efectos del reconocimiento del privilegio. Así, la Regla 502(a)(3) de las Reglas Uniformes de Evidencia definen al abogado como

---

[18] Véase, Proyecto Reglas de Evidencia, Secretariado de la Conferencia Judicial, pág. 111 (1978).

una persona admitida a ejercer la profesión <u>en cualquier estado o nación</u>.[19] Idéntica definición se encuentra en el Código de Evidencia del Estado de California.[20]

Al <u>eliminarse</u> este amplio concepto de nuestro ordenamiento probatorio, <u>resulta mandatoria la conclusión de que fue la intención de la Asamblea Legislativa que únicamente estuvieran cobijadas por el privilegio, aquellas comunicaciones confidenciales hechas entre el cliente y el abogado admitido a ejercer la profesión en Puerto Rico</u>. Por consiguiente, somos del criterio que la Regla 25 de Evidencia, ante, <u>aplica únicamente cuando se trata de un abogado admitido por este Tribunal a ejercer la profesión de abogado en Puerto Rico y no en ningún otro lugar</u>.

Y es que <u>no</u> puede ser de otra forma. Las Reglas de Evidencia del Estado Libre Asociado de Puerto Rico <u>son de aplicación en Puerto Rico</u>. Por esa razón las mismas se interpretan y se aplican <u>dentro</u> de los linderos territoriales de la Isla de Puerto Rico. Por ello, cuando la Regla 25 define al abogado como aquella persona admitida a ejercer la profesión, así sin decir más, <u>necesariamente se refiere al abogado admitido a ejercer la profesión en Puerto Rico</u>.

Ello es lo que claramente se desprende de una lectura de la referida disposición estatutaria. Si la Asamblea

---

[19] A "lawyer" is a person authorized, or reasonably believed by the client to be authorized, to engage in the practice of law in any state or nation.

[20] Véase, Cal.Evid.Code §950.

Legislativa hubiere querido extenderlo a abogados admitidos en otras jurisdicciones, <u>así lo hubiese plasmado expresamente</u>, tal y como lo han hecho las otras jurisdicciones que sí han establecido la norma de extender el privilegio a abogados admitidos a ejercer la profesión en cualquier estado o nación.[21] Tampoco podemos perder de vista, que por <u>imperativo</u> de las propias Reglas de Evidencia, los privilegios <u>deben interpretarse de forma restrictiva</u> y que debe rechazarse su aplicación en todo caso que <u>no</u> esté claramente comprendido por las Reglas.

V

Tampoco es correcto el razonamiento contenido en la Opinión concurrente en cuanto a que "nos parece un contrasentido proteger las comunicaciones entabladas con alguien que el cliente creyó razonablemente que era abogado, pero no lo es, como expresamente dispone la Regla 25, y no proteger las comunicaciones establecidas con quien sí lo es, aunque esté autorizado a ejercer en una jurisdicción distinta a la nuestra."

El supuesto reconocido en la referida Regla 25, ante, <u>aplica a casos en que el cliente se asesora legalmente con una persona que creyó razonablemente que era abogado</u>

---

[21] Tomando los estados mencionados en la nota al calce número 3 de la Opinión mayoritaria, son ejemplos de esta norma California, Florida, Hawai, Kansas, Lousiana, Nebraska, New Hampshire, New Jersey, New Mexico, Oregon, South Dakota, Texas, Wisconsin, Alabama, Montana y Oklahoma.

autorizado a ejercer en Puerto Rico, pero que resultó no serlo. Sobre este particular, explica el profesor Chiesa que es suficiente con que el cliente tenga base razonable para creer que está tratando con una persona autorizada a ejercer la abogacía en Puerto Rico, aunque ese no sea en realidad el caso. No es suficiente una creencia que no sea razonable, sin motivos fundados que justifiquen tal creencia. *Op cit*. pág. 221.

Este supuesto no aplica a las circunstancias del presente caso. La Autoridad no contrató con una persona dentro de nuestra jurisdicción creyendo que era abogado autorizado a ejercer en nuestra jurisdicción y que finalmente resultó no serlo. La Autoridad buscó asesoría legal de un abogado teniendo pleno conocimiento que no estaba autorizado a ejercer la profesión de abogado en Puerto Rico. Se trata de una situación de hechos distinta a la contemplada en la referida Regla. En otras palabras, la Autoridad sabía específicamente que el Sr. Epstein sólo estaba admitido a ejercer la profesión en el estado de la Florida. En vista de ello, somos del criterio que no aplica al presente caso la situación contemplada en la Regla 25, ante, en la que, en protección del cliente, se reconoce el privilegio en situaciones en que el cliente tiene base razonable para creer que esta tratando con una persona autorizada a ejercer la profesión legal en Puerto Rico.

V

En fin, somos de la opinión que las comunicaciones habidas entre la Autoridad de Carreteras y Transportación y el Sr. Gary M. Epstein <u>no</u> están protegidas por el privilegio abogado cliente. La decisión en contrario, emitida por una mayoría de los integrantes del Tribunal, <u>no solo es jurídicamente errónea sino que es injusta y nociva a los mejores intereses del abogado puertorriqueño --el cual con miles de sacrificios labora afanosamente para poder ganarse el sustento de su familia-- al privarlo de ganarse unos honorarios con relación a una asesoría para la cual está plenamente capacitado a realizar</u>.

Es por ello que disentimos; en consecuencia, <u>revocaríamos</u> la determinación del Tribunal de Apelaciones y ordenaríamos al tribunal de instancia que entregue, a Autopistas de Puerto Rico, el contenido de dichas conversaciones para ser examinadas.


                        FRANCISCO REBOLLO LÓPEZ
                        Juez Asociado