Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MICHAEL JOHN CHAKLOS<br><br>Demandante-Recurrido<br><br>Vs.<br><br>KAREN LOUISE TOOHEY<br><br>Demandada-Peticionaria | TA2025CE00869 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Manatí<br><br>Caso Núm. MT2024RF00075<br><br>Sala: 102<br><br>Sobre: DIVORCIO – RUPTURA IRREPARABLE |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de diciembre de 2025.

Comparece ante nos la peticionaria, Karen Louise Toohey (en adelante, peticionaria o señora Toohey), y nos solicita la revisión de la *Resolución,* emitida el 10 de noviembre de 2025, notificada el 12 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Manatí. Mediante esta el Foro Primario denegó una solicitud de descubrimiento de prueba instada por la peticionaria.

Por los fundamentos que expondremos a continuación, se *expide* el auto de *Certiorari* y se *revoca* la *Resolución* recurrida.

*-I-*

El caso de epígrafe tiene su génesis el 28 de octubre de 2024, cuando el recurrido, Michael John Chaklos (en adelante, recurrido o señor Chaklos), presentó una *Demanda de Divorcio,* por ruptura irreparable, en contra de la señora Toohey. Por estar relacionados entre sí, y en virtud de ceñirnos a la controversia que nos ocupa, hacemos referencia a los hechos reseñados en nuestro dictamen en el caso núm. TA2025AP00139.

En lo pertinente al recurso de epígrafe, el 27 de mayo de 2025, la peticionaria presentó una *Solicitud de Alimentos Pendente Lite; Honorarios de Abogados Litis Expensas; y Remedios Proteccionistas del Haber Ganancial como Prohibiciones de Enajenar Inmuebles y Muebles.*[1] Mediante esta, la señora Toohey solicitó la imposición de honorarios de abogado *litis expensas*, así como de alimentos *pendente lite*. Arguyó que tenía derecho a recibir alimentos y a mantener su estilo de vida al amparo de las leyes que le cobijan. Además, debido a que planteó que el recurrido tenía control de la fortuna de la Sociedad Legal de Bienes Gananciales compuesta por ambos, peticionó un descubrimiento de prueba sobre los bienes gananciales para poder evidenciar la capacidad económica del señor Chaklos. Igualmente, solicitó la celebración de una vista evidenciaria, la adjudicación de una pensión *pendente lite* hasta que se obtuviese la pensión final de excónyuge, al igual que los honorarios de abogado correspondientes. Por último, la señora Toohey le pidió al Foro de Instancia que dictara los remedios provisionales adecuados para mantener y proteger el caudal ganancial.

Posteriormente, el 10 de octubre de 2025 la peticionaria presentó una *Moción en Cumplimiento, Informativa y sobre Medidas Cautelares.*[2] En resumen, la señora Toohey le solicitó al Foro Primario que tomara conocimiento sobre su intento de llevar a cabo el descubrimiento de prueba necesario para poder evidenciar la necesidad de que se impusieran los remedios provisionales solicitados. A tales efectos, suplicó que se pospusiera la vista de divorcio, hasta la culminación de dicho descubrimiento.

---

[1] Apéndice del recurso, Entrada Núm. 37.
[2] *Íd.*, Entrada Núm. 53.

El 16 de octubre de 2025 el señor Chaklos presentó una *Moción en Cumplimiento de Órdenes [...], sobre Solicitud de Remedios Provisionales y Descubrimiento de Prueba.*[3] Mediante esta, el recurrido se opuso a la posposición de la referida vista. Arguyó que la peticionaria estaba intentando dilatar los procedimientos, ya que la vista de divorcio se había pospuesto en cinco (5) ocasiones anteriores. Igualmente, adujo que el descubrimiento de prueba solicitado por la peticionaria era uno de carácter liquidatario, lo cual no procedía en casos como el de epígrafe. Respecto a las medidas cautelares solicitadas, el señor Chaklos sostuvo que no eran necesarias, ya que ambas partes coadministraban los bienes gananciales en controversia. Asimismo, el recurrido solicitó que, de conceder los remedios provisionales solicitados por la señora Toohey, estos fueran atendidos en la vista de divorcio, al igual que se ordenara que el descubrimiento de prueba fuese uno limitado, y no de carácter liquidatario.

En desacuerdo, el 31 de octubre de 2025, la señora Toohey presentó una *Moción en Cumplimiento de Orden,* mediante la cual replicó a los planteamientos del recurrido.[4] En síntesis, la peticionaria repudió las expresiones del señor Chaklos respecto a que su petición fuese una estrategia para dilatar los procedimientos. Sostuvo que tenía derecho a descubrir toda la prueba necesaria para constatar la totalidad del patrimonio ganancial en virtud de que el Foro Primario pudiese tomar las medidas cautelares necesarias para protegerlo. De este modo, solicitó que se le ordenara al recurrido a cumplir con la entrega de lo requerido. Además, peticionó un término de sesenta (60) días para llevar a cabo el descubrimiento de

---

[3] *Íd.*, Entrada Núm. 57.
[4] *Íd.*, Entrada Núm. 61.

prueba sobre las medidas provisionales, previo a que se dilucidara el divorcio.

Así las cosas, el 12 de noviembre de 2025, el Tribunal de Primera Instancia emitió la *Resolución* recurrida.[5] En resumen, el Foro Primario concluyó que la solicitud de la peticionaria sobre el descubrimiento de prueba era una de carácter liquidatario, lo cual no procedía en casos de divorcio, sino que debía presentarse una acción separada e independiente. Asimismo, el Foro *a quo* señaló que no podía considerar los remedios provisionales solicitados por la señora Toohey, ya que esta no había contestado la demanda. Igualmente, indicó que, debido a que el pleito llevaba un (1) año ante su consideración, no permitiría ulteriores dilaciones. De este modo, el Tribunal de Primera Instancia declaró *No Ha Lugar* la petición del 10 de octubre de 2025 presentada por la señora Toohey, y ordenó a que esta presentara la alegación responsiva correspondiente en un término final de diez (10) días, so pena de anotarle la rebeldía. Además, señaló la vista de divorcio para el 17 de diciembre de 2025.

Consecuentemente, el 21 de noviembre de 2025, la peticionaria presentó su *Contestación a Demanda*.[6] El 2 de diciembre de 2025 el Foro Primario emitió una *Orden*, mediante la cual se dio por enterado de la presentación de dicha contestación.[7]

Inconforme, el 8 de diciembre de 2025, la peticionaria presentó una *Solicitud Urgente de Paralización de los Procedimientos ante el TPI en Auxilio de Jurisdicción* ante nos. En igual fecha, la señora Toohey presentó el recurso de *Certiorari*. Al día siguiente, mediante *Resolución,* ordenamos la paralización de los procedimientos ante el Foro de Instancia. Mediante el auto de

---

[5] *Íd.*, Entrada Núm. 65.
[6] *Íd.*, Entrada Núm. 67.
[7] *Íd.*, Entrada Núm. 68.

*Certiorari,* la peticionaria señala la comisión de los siguientes errores:

> ERRÓ CRASAMENTE EL TPI DENEGÁNDOLE A LA COMPARECIENTE EL DERECHO DE REALIZAR UN DESCUBRIMIENTO DE PRUEBA RELACIONADO A LOS REMEDIOS PROVISIONALES, EN UN CLARO ABUSO DE DISCRECIÓN Y APARTÁNDOSE DE LO RESUELTO POR EL TSPR EN EL CASO TORRES GONZÁLEZ V. ZARAGOZA MELÉNDEZ, 211 DPR 821 (2023).

> ERRÓ CRASAMENTE EL TPI AL DETERMINAR QUE LA RECURRENTE NO TIENE DERECHO A QUE SE LE CONCEDAN LOS REMEDIOS PROVISIONALES SOLICITADOS POR NO HABER CONTESTADO LA DEMANDA, AUN CUANDO NO EXISTE UNA DETERMINACIÓN DE REBELDÍA EN SU CONTRA Y ESTA TENER DERECHO A QUE EL TPI LE ESCUCHE Y RESUELVA SUS RECLAMOS LUEGO DE CELEBRAR UNA VISTA EVIDENCIARÍA A ESOS EFECTO[S]. LO ANTERIOR REPRESENTA UN CLARO PREJUICIO, PARCIALIDAD Y UN CLARO ABUSO DE DISCRECIÓN DEL TPI EN CONTRA DE LA RECURRENTE/COMPARECIENTE.

Por su parte, el 15 de diciembre de 2025, el recurrido presentó su *Memorando en Oposición a la Expedición del Auto.* Así, y con el beneficio de la comparecencia de ambas partes, procedemos expresarnos.

-**II**-

-**A**-

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez Meléndez,* 211 DPR 821, 846-847, (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020).

Ahora bien, tal discreción no opera en lo abstracto. La Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario.

*Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez Meléndez*, supra, págs. 847.

No obstante, la precitada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42, págs. 59-60, 215 DPR ___ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de auto de *certiorari*. Sobre el particular dispone:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

### -B-

En términos generales, el propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. Véase R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334. Por ello, el Tribunal Supremo ha retirado el carácter amplio y liberal del descubrimiento de prueba. *Torres González v. Zaragoza Meléndez*, supra, pág. 844; *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 490 (2019); *Casasnovas et al. v. UBS Financial et al.*, 198 DPR 1040, 1054 (2017). Ese alcance amplio y liberal claramente contribuye a que en "los procedimientos, se propicien las transacciones y se eviten las sorpresas indeseables durante el juicio". *McNeil Healthcare v. Mun. Las Piedras II, supra,* pág. 672.

En nuestro ordenamiento legal, la Regla 23 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 23, establece aquellos parámetros que regulan el descubrimiento de prueba en los casos civiles. Específicamente, el inciso (a) de la Regla 23.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 23.1(a), dispone que las partes en litigio

podrán indagar "sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente".

La regla impone dos limitaciones fundamentales al descubrimiento de prueba: (1) se excluye toda materia privilegiada, según los privilegios que se reconocen en las Reglas de Evidencia, y (2) la materia a descubrirse tiene que ser pertinente al asunto en controversia. *Torres González v. Zaragoza Meléndez*, supra, pág. 845; *Autopistas P.R. v. A.C.T.*, 167 DPR 361, 379 (2006). Véanse, además: *McNeil Healthcare v. Mun. Las Piedras II*, *supra*, págs. 673-674; *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 898-899 (2017). En lo pertinente a la controversia ante nos, el mismo debe "limitarse a descubrir aquello pertinente para disponer sobre la procedencia de las medidas provisionales solicitadas". *Torres González v. Zaragoza Meléndez*, supra, pág. 852.

El descubrimiento de prueba no es una carta en blanco para utilizarse indiscriminadamente para hostigar y perturbar a una parte. *Torres González v. Zaragoza Meléndez*, supra, pág. 845; *Vincenti v. Saldaña*, 157 DPR 37, 54 (2002). El tribunal, en el ejercicio de su sana discreción, puede limitar el alcance y los mecanismos a utilizarse, ya que su obligación es garantizar una solución justa, rápida y económica del caso, sin que ello constituya alguna ventaja para cualquiera de las partes en el pleito. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 153-154 (2000).

Los foros apelativos "[n]o hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último [:] (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo". *Torres González v. Zaragoza Meléndez*, supra,

pág. 846; *Rivera y otros v. Bco. Popular, supra,* pág. 155; *McNeil Healthcare v. Mun. Las Piedras II, supra,* pág. 672.

En suma, el foro de primera instancia debe garantizar la pronta solución de las controversias, y por otra velar que las partes tengan la oportunidad de realizar un amplio descubrimiento para que en la vista en su fondo no surjan sorpresas. *Machado Maldonado v. Barranco Colón,* 119 DPR 563, 565-566 (1987).

### -C-

Por su parte, el proceso de divorcio genera una situación de carácter transitorio que implica la necesidad de garantizar un mínimo de protección, tanto a las partes como al patrimonio. Respecto a ello, el Código Civil de 2020, 31 LPRA sec. 5311 *et seq.,* contempla la adopción de medidas provisionales encaminadas a salvaguardar estos intereses durante el aludido proceso. En lo pertinente a lo que nos ocupa, el Artículo 447 del referido Código, 31 LPRA sec. 6794, esboza las medidas cautelares respecto a los cónyuges y su patrimonio conyugal:

> El tribunal también puede adoptar medidas cautelares provisionales relativas a las cargas familiares y a las necesidades de ambos cónyuges, en atención del interés familiar más necesitado de protección, entre otras:
>
> (a) determinar cuál de los cónyuges continuará residiendo en la vivienda familiar y en qué condiciones permanecerá en ella hasta que se dicte sentencia;
>
> (b) fijar la contribución de cada cónyuge para atender las necesidades y las cargas de la familia durante el proceso, incluidos los gastos del litigio, y disponer las garantías, depósitos, retenciones u otras medidas cautelares necesarias para asegurar su efectividad;
>
> (c) señalar los bienes gananciales o comunes que, previo inventario, se entregarán a uno u otro cónyuge para su sustento y establecer las reglas para su administración y disposición, hasta la disolución del matrimonio y la liquidación de su régimen económico;
>
> (d) determinar el régimen de administración y de disposición de aquellos bienes privativos que, por capitulaciones matrimoniales o por escritura pública, estén especialmente destinados a responder por las cargas del matrimonio y la familia.

Asimismo, el Artículo 448 del Código Civil de 2020, 31 LPRA sec. 6795, dispone medidas adicionales que podrían ser de aplicación:

> Durante el proceso de disolución, el tribunal también puede adoptar otras medidas cautelares provisionales:
>
> (a) para la atención de las necesidades especiales de cualquiera de los cónyuges o de los miembros de la familia si ellos no tienen recursos suficientes o si la naturaleza de los únicos medios disponibles para el sustento no permite la distribución conjunta e igualitaria de sus réditos o ganancias;
>
> (b) para la atención de otros miembros de la familia, que no sean los hijos menores o los mayores incapacitados, si de ordinario ambos cónyuges asumían su sustento y necesidades especiales; o
>
> (c) cualquiera otra necesaria y adecuada para proteger la integridad física y emocional de los cónyuges y de los otros miembros del grupo familiar durante el proceso de divorcio.

### -*III*-

En el caso ante nos, la peticionaria alegó que el Foro de Instancia incidió al denegar su petición para llevar a cabo un descubrimiento de prueba con relación a los remedios provisionales solicitadas. Asimismo, adujo que el Foro recurrido erró al concluir que la peticionaria no tenía derecho a dichos remedios sin haber celebrado una vista evidenciaria a esos efectos. Por estar relacionados entre sí, discutiremos ambos errores en conjunto.

Tal cual esbozado en el entendido doctrinal, en un procedimiento de divorcio, las partes tienen derecho a solicitar medidas provisionales del Tribunal para proteger los intereses de las partes involucradas. Para ello, las partes podrán llevar a cabo un descubrimiento de prueba limitado a los asuntos pertinentes para dilucidar la procedencia de los remedios provisionales.

Luego de examinar la totalidad de los autos ante nuestra consideración, así como el expediente ante el foro de instancia, concluimos que el tribunal recurrido falló al denegar lo solicitado

por la peticionaria. Lo adecuado es que se permita un descubrimiento de prueba, así sea delimitado, con los parámetros y términos que, en el ejercicio discrecional que le asiste a la primera instancia judicial en el manejo de su sala. Claro está, con un trámite encausado a la pronta resolución del presente litigio.

De este modo, expedimos el auto de *Certiorari* y revocamos la *Resolución* recurrida. Asimismo, ordenamos la continuación de los procedimientos, así como de la celebración de la vista pautada para el 17 de diciembre de 2025, a los efectos de que el Foro de Instancia delimite lo relativo al descubrimiento de prueba sobre las medidas provisionales

### *-IV-*

Por los fundamentos antes esbozados, los cuales hacemos formar parte integral de este dictamen, *expedimos* el auto de solicitado y *revocamos* la *Resolución* recurrida. Dejamos sin efecto la paralización ordenada el 9 de diciembre de 2025, por lo que se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos. Al amparo de la Regla 35 (A) (1) de nuestro Reglamento, *supra,* pág. 58, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones